[No. 37376. En Banc. June 4, 1964.]

Brutus M. Artis, *Respondent*, v. DeWitt Rowland, *Petitioner.*[*]

 *Marshall McCormick, Robert R. Hamilton, John W. Maxwell,* and *Gene Godderis,* for petitioner.

*Neil Hoff* and *Jack Tanner,* for respondent.

Donworth, J.—Brutus M. Artis, respondent, was charged in the Municipal Court of the City of Tacoma with driving

*Reported in 392 P. (2d) 815.

a motor vehicle while under the influence of intoxicating liquor and with reckless driving, in violation of certain ordinances of the city of Tacoma. Respondent pleaded not guilty and moved for a jury trial on the charges, basing the motion on RCW 3.50.280 and RCW 3.66.010. The municipal court (Judge DeWitt Rowland presiding) denied his motion.

Respondent then petitioned the Superior Court of Pierce County for a writ of prohibition restraining the municipal court from proceeding to trial without a jury. The cause was heard in the superior court, and a writ of prohibition was granted. The matter is now before us on the petition of DeWitt Rowland, as judge of the municipal court, for a writ of certiorari to review the action of the superior court in issuing its writ of prohibition.

Petitioner states that the ultimate legal question to be decided in this case is:

"Is respondent, and others similarly situated, entitled to a trial by jury in the Municipal Court of the City of Tacoma on the charges of driving while intoxicated and reckless driving, by reason of the provisions of Sec. 77, Ch. 299 of the Laws of 1961 (RCW 3.50.280) or Sec. 112, Ch. 299, Laws of 1961 (RCW 3.66.010)?"

In support of his argument for a negative answer to this question, petitioner makes four contentions:

"1. That said Sec. 77 does not apply, but concedes that Sec. 112 was intended to apply to municipal courts established under Subchapter 5 of Ch. 299, Laws of 1961, which includes the Municipal Court of Tacoma;

"2. That the trial of the respondent in the Municipal Court of Tacoma upon the charges of driving while intoxicated and reckless driving do not involve the suspension or revocation of his driver's license and he is not entitled to a jury trial.

"3. That the offenses with which respondent is charged are not 'other gross misdemeanors' within the meaning of said Secs. 77 and 112, and he is not entitled to a jury trial on that basis.

"4. That the provisions of said Secs. 77 and 112, relating to jury trials, are so indefinite, ambiguous, and uncertain of

application, as to be unconstitutional or, in any event, invalid and unenforceable."

RCW 3.50.280 (Laws of 1961, chapter 299, § 77) provides as follows:

"In all trials for offenses in municipal court, a jury trial shall be allowed only in offenses involving the revocation or suspension of a driver's license or other gross misdemeanor. . . ."

RCW 3.66.010 (Laws of 1961, chapter 299, § 112) reads, in part:

". . . The justice court shall, upon the demand of either party, impanel a jury to try any civil or criminal case in accordance with the provisions of chapter 12.12: *Provided*, That in the trial of actions brought for violating any city ordinance, a jury trial shall be allowed only for offenses involving the revocation or suspension of a driver's license or other gross misdemeanor."

The statutory provisions relating to the revocation or suspension of an operator's license by the courts are as follows:

RCW 46.20.250 provides:

"Every court in fixing the penalty shall forthwith revoke the vehicle operator's license of a person upon his conviction of any of the following crimes, when such conviction has become final:

". . .

"(6) Conviction or forfeiture of bail upon three charges of operating a vehicle while under the influence of or affected by the use of intoxicating liquor or of any narcotic drug, all within the preceding five years; . . ."

A further statutory provision, RCW 46.20.260, states:

"Upon the conviction of any person for reckless driving, or upon the forfeiture of bail or collateral for the appearance of any person charged with reckless driving, the court shall, in addition to any other penalty fixed, forthwith suspend the vehicle operator's license of any such person for a period of not less than thirty days."

Thus, in the case of a conviction of three charges of driving while intoxicated within a 5-year period, the court must *revoke* the defendant's license. In the event of a conviction

of reckless driving, the court must *suspend* the defendant's license for at least 30 days.

The applicable provisions of Laws of 1961, chapter 299, §§ 77 (RCW 3.50.280) and 112 (RCW 3.66.010) quoted above, are those granting a jury trial in the municipal court for offenses involving the revocation or suspension of a driver's license.

■ With respect to the charge that respondent was driving a motor vehicle while intoxicated, the record does not show whether he has had two prior convictions of this offense within a 5-year period. While the statute requires three such convictions within that period before revocation by the court is mandatory, we cannot say whether the first, second, or third conviction is the most essential in the mandatory revocation process. All three convictions are necessary to support a mandatory revocation. In any event, we are of the opinion that a possible revocation of respondent's operator's license is involved in this case within the meaning of §§ 77 and 112, *supra.* Hence, respondent is entitled to a jury trial on this charge.

With respect to the charge of reckless driving, a defendant is subject to the mandatory requirement that, upon his first conviction, the court must suspend his operator's license for at least 30 days.

Under RCW 46.20.270, the court is required to immediately relieve the operator of his license in case of revocation or suspension thereof and forward it to the Director of Licenses, together with a record of the operator's conviction.[1]

Once an operator's license has been suspended or revoked, he cannot have it reinstated or have a new license issued except by complying with the provisions of RCW 46.20.360 and 46.24.040. Thus, a 30-day suspension of an operator's license, required under the mandatory requirements of RCW 46.20.260, does not automatically terminate

---

[1]There is no conflict between the holding in this case and that in *Bellingham v. Schampera,* 57 Wn. (2d) 106, 356 P. (2d) 292 (1960), and the statutes therein considered. By the statutes now under consideration, the legislature has seen fit to give the power of revocation or suspension to the municipal court in cases of drunken or reckless driving.

at the end of that period. In order to lawfully resume operating a motor vehicle after suspension, the operator must furnish an affidavit that he has not at any time during the period of suspension operated a motor vehicle on the highways of this state. If he fails to so state under oath, his period of suspension is extended for another period of the same length. He must also comply with the state financial responsibility law by proof of his ability to respond in damages for injuries to persons or for damages to property caused by the negligent operation of a motor vehicle as required by RCW 46.24.040.

The foregoing discussion plainly indicates that the statutory provisions above quoted are not ambiguous, and that the offenses charged in this case do very directly involve the suspension and/or revocation of respondent's license to operate a motor vehicle within the meaning thereof. We have considered the other contentions raised by the petitioner and find them to be without merit.

We hold that the legislature intended, in enacting RCW 3.50.280 and 3.66.010, that a person charged with driving a motor vehicle while under the influence of intoxicating liquor and/or reckless driving, under the provisions of aforesaid Tacoma ordinances, is entitled to a jury trial, upon a demand therefor, in the city's municipal court. Accordingly, respondent should be granted a jury trial on each of the charges to be heard in petitioner's court.

The superior court's granting of the writ of prohibition was proper, and that action is affirmed. Respondent's trial on the charges described above shall be conducted in accordance with the views expressed in this opinion.

ALL CONCUR.

October 9, 1964. Petition for rehearing denied.