373 So.2d 667 (1979)
Paul Lester NETTLETON, et al., Petitioners,
v.
Nathan C. DOUGHTIE, Alachua County Court Judge, Respondent.
No. 57122.
Supreme Court of Florida.
July 17, 1979.
Eilon Krugman-Kadi of Barton & Cox, and Peter Enwall, Gainesville, for petitioners.
Jim Smith, Atty. Gen., and Martin S. Friedman, Asst. Atty. Gen., Tallahassee, for respondent.
OVERTON, Justice.
This is a petition for writ of prohibition brought by the named petitioners who are all charged with certain traffic violations which are deemed noncriminal infractions under section 318.14(1), Florida Statutes. By a motion to dismiss in the county court, petitioners challenged that court's jurisdiction to hear these alleged violations of traffic laws. The county court denied the motion to dismiss and expressly held that *668 chapter 318 was not in violation of the "separation of powers requirement of the Constitution of the State of Florida," and that county courts had jurisdiction to hear these cases pursuant to section 34.01(2), Florida Statutes (1977). We have jurisdiction[1] and affirm the trial court.
Petitioners contend that nowhere in the statutes or constitution are county court judges authorized to hear and preside over traffic infractions. In their motion to dismiss, petitioners asserted that traffic infractions were neither criminal violations by definition, civil actions by definition, nor authorized for administrative hearings under the Administrative Procedure Act. Assuming that petitioners' assertions are correct, the state is left without a remedy because no other court or agency is authorized to hear these violations. This is an impossible and illogical result which was never intended by the legislature by its enactment of a modern alternative to the traditional procedures previously used in handling these types of traffic offenses.
The jurisdiction of county courts is set forth in section 34.01(1), Florida Statutes (1977), which provides:
County courts shall have original jurisdiction in all misdemeanor cases not cognizable by the circuit courts, of all violations of municipal and county ordinances, and of all actions at law in which the matter in controversy does not exceed the sum of $2,500, exclusive of interest, costs, and attorney's fees, except those within the exclusive jurisdiction of the circuit courts.
The intent and purpose of the legislature in enacting chapter 318 in 1974 was to decriminalize particular traffic offenses and to allow an offender to pay a specified penalty or complete a driver's improvement course rather than treating the offense as a traditional criminal matter. These offenses are deemed noncriminal violations by the act, and there can be no punishment by incarceration nor is there a right to a trial by jury or a right to court-appointed counsel. See section 318.13(3), Florida Statutes. Clearly, there was no intent by the legislature in enacting chapter 318 to in any way change the jurisdiction of the court or courts that would hear these violations. The specific traffic violations remained the same. The only change was the penalty from a criminal fine or imprisonment to a civil fine.
The clear intent of the legislature is that the county courts would remain vested with jurisdiction of these matters. Pursuant to section 318.13(4), Florida Statutes (1977), only a "judge" may be a hearing official. Also, according to section 318.16(1), Florida Statutes (1977), an appeal from a hearing official's decision may be taken to the circuit court. If the hearing official must be a judge and the appeal must be to the circuit court, the only conclusion that can be reached is that the hearing official is a county court judge. Finally, section 318.21, Florida Statutes (1977), recognizes that the fines will be received by the county court and establishes the manner in which they will be distributed.
The legislature changed certain traffic violations from criminal misdemeanors to noncriminal traffic infractions and by its action legislatively established these proceedings as "actions at law." In so doing, they did not add or take away any jurisdiction from the judicial branch but only changed its character from criminal to civil.
We hold that noncriminal traffic infraction cases prescribed by chapter 318 are civil actions at law within the meaning of section 34.01(1), Florida Statutes (1977). The fact that these actions are deemed "actions at law" does not mandate the right to a trial by jury under article I, section 22, of the Florida Constitution. We disposed of that issue as it pertained to this particular type of traffic violation in State v. Webb, 335 So.2d 826, 828 (Fla. 1976), wherein we held:
[T]he right to a trial by jury has never been constitutionally required for violations of Fla. Stat. § 325.12, F.S.A., or for *669 any other traffic law violation. While it is true that jury trials were provided for prior to the enactment of Florida's decriminalization law, the right was a statutory one only; it has never been, and is not now, a constitutionally required right.
In conclusion, we hold that the county courts of this state have jurisdiction pursuant to section 34.01, Florida Statutes (1977), to hear and adjudicate traffic infraction cases within the meaning and intent of chapter 318, Florida Statutes (1977). The petition for writ of prohibition is denied.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.
NOTES
[1] Art. V, § 3(b)(1), (4), Fla. Const.