WALKER, GRISSIM H., Associate Judge.
Appellant County Judge upon finding a defendant charged with a violation of section 316.193, Florida Statutes (1979), (driving while under the influence of alcoholic beverages) to be insolvent, appointed the Public Defender of the circuit to represent him. The Public Defender moved the court to allow his office to withdraw on the ground that violations of section 316.193, are neither felonies nor misdemeanors by the express terms of section 775.08(2), Florida Statutes (1979), and that therefore, under section 27.51, Florida Statutes (1979), which defines the authority of the Public Defender, there was no authority for the Public Defender to represent the insolvent defendant. The court denied the motion, and the Public Defender filed a petition in Circuit court for a writ of prohibition. The circuit court granted the petition, vacated the order appointing the Office of the Public Defender, and ordered the county court to grant the motion to withdraw. The circuit court entered identical orders in four cases, which were consolidated in this appeal.
Article V, section 18, of the Florida Constitution provides that the Public Defender “shall perform duties prescribed by general law.” Section 27.51, enumerates the specific classes of people who are eligible for representation by the Office of the Public Defender. These classes cover insolvent persons who are charged with (1) a felony, (2) a misdemeanor, (3) a violation of municipal or county ordinances, and (4) those alleged to be delinquent children in any juvenile proceedings.
Section 316.193, Florida Statutes, reads in part as follows:
(1) It is unlawful and punishable as provided in subsection (2) for any person who is under the influence of alcoholic beverages, model glue, or any substance controlled under Chapter 893, when affected to the extent that his normal faculties are impaired, to drive or be in the actual physical control of any vehicle within this state.
(2) Any person who is convicted of a violation of subsection (1) shall be punished:
(a) For first conviction thereof, by imprisonment for not more than six (6) months or by fine of not less than $25 or more than $500, or by both such fine and imprisonment.
(b) For a second conviction within a period of three (3) years from the date of a prior conviction for violation of this section, by imprisonment for not less than 10 days nor more than six months and, in the discretion of the court, a fine of not more than $500.
(c) For a third or subsequent conviction within a period of five years from the date of conviction of the first of three or more convictions for violation of this section, by imprisonment for not less than 30 days nor more than 12 months and, in the discretion of the court, a fine of not more than $1,000.
Thus, persons violating the statute are punishable by imprisonment for up to 12 months.
Section 775.08, Florida Statutes, in pertinent part provides as follows:
(2) The term ‘misdemeanor’ shall mean any criminal offense that is punishable under the laws of this state, or that would be punishable if committed in this state, by a term of imprisonment in a county correctional facility, except an extended term, not in excess of 1 year. The term ‘misdemeanor’ shall not mean a conviction for any violation of any provision of chapter 316 or any municipal or county ordinance.
(3) The term ‘noncriminal violation’ shall mean any offense that is punishable under the laws of this state, or that would be punishable if committed in this state, by no other penalty than a fine, forfeiture, or other civil penalty. A noncriminal violation does not constitute a crime, and conviction for a noncriminal *543 violation shall not give rise to any legal disability based on a criminal offense. The term ‘noncriminal violation’ shall not mean any conviction for any violation of any municipal or county ordinance. Nothing contained in this code shall repeal or change the penalty for a violation of any municipal or county ordinance.
(4) The term ‘crime’ shall mean a felony or misdemeanor.
It is readily seen that the offense of driving under the influence described in section 316.193, Florida Statutes (1979) squarely fits the definition of a misdemean- or under subsection 775.08(2) above, except for the last sentence of 775.08(2), and this is where the public defender seeks to hang his hat.
The word “noncriminal” in 775.08(3) above was inserted by the editor of the 1974 statutory supplement “in the interest of clarity.” The court is of the opinion that this helped create confusion rather than clarity. If the word “noncriminal” was to be added, it should have also been added before the word “violation” in the last sentence of subsection 775.08(2).
As we continue to wind our way through the statutes we next examine section 316.-655, Florida Statutes (1979), which reads in part:
(1) A violation of any of the provisions of this chapter, except criminal offenses enumerated in subsection (4), shall be deemed an infraction, as defined in § 318.13(3).
(4) Any person convicted of a violation of s. 316.027, s. 316.061, s. 316.067, s. 316.-072, s. 316.192, s. 316.193 or s. 316.1935 shall be punished as specifically provided in such sections.
Thus, these sections read together state that a violation of section 316.193 is a “criminal offense.” We do not believe it can be seriously questioned that a “criminal offense” is a crime. Section 775.08(4) states that the “term ‘crime’ shall mean a felony or misdemeanor.”
Section 316.655(1) refers to section 318.-13(3). (Chapter 318 is the statute which decriminalized most traffic offenses). Section 318.13(3) reads:
318.13(3) ‘Infraction’ means a noncriminal violation which is not punishable by incarceration and for which there is no right to trial by jury or a right to court appointed counsel.
Thus, the offense described in section 316.193 is not an infraction or noncriminal violation, for a violation of section 316.193 is punishable by incarceration. But as pointed out above, it is a “criminal offense” and therefore, a crime, and based on the punishment it is a misdemeanor.
The Public Defender in this case does not question the right to counsel of an indigent defendant charged under section 316.193 but insists the trial court must appoint special public defenders for such persons. The Office of the Public Defender was created as a result of the U. S. Supreme Court cases requiring counsel for all indigent defendants charged with crimes punishable by incarceration.[1] It is inconceivable that the legislature would deliberately single out driving while under the influence cases (and other criminal offenses under Chapter 316 where incarceration is a penalty) and impose upon the counties of this state the additional cost of paying private attorneys to serve as special public defenders for indigent defendants in driving under the influence cases. From the foregoing analysis of the various statutes it seems clear that such was not the intent of the legislature. When the statutes in pari materia are construed together we find that the Office of the Public Defender has both the duty and the authority to represent indigent defendants charged with violations of section 316.-193.
The 1980 Florida Legislature amended section 27.51 Florida Statutes (1979) to provide that the Public Defender shall represent any indigent defendant who is:
*544 (b) Under arrest for, or is charged with, a misdemeanor, a violation of Chapter 316 which is punishable by imprisonment. (emphasis added)
Therefore, it is clear that since the enactment of this amendment (which became law in July of 1980), it is the duty of the Public Defender to represent those charged with violations of section 316.193. It is the opinion of the court that this was a clarifying amendment and did not change the pre-ex-isting law.
The orders of the circuit court in the four cases consolidated for appeal are reversed, and the cases are remanded to the circuit court with directions to deny the petitions for writ of prohibition with the result that the orders of the county judge appointing the Public Defender in each case shall be reinstated.
ORFINGER and SHARP, JJ., concur.

. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), holding that Gideon applies to misdemeanors.