DOWNEY, Judge.
Appellant entered a plea in the circuit court of nolo contendere to the charges of (Count I) possession of diazepam and (Count II) driving while under the influence of alcoholic beverage, reserving the right to appeal the denial of his motion to dismiss Count II. The basis for the motion was that the trial court lacked subject matter jurisdiction over Count II because the crime charged was a statutorily defined criminal traffic offense not constituting a misdemeanor or a felony and therefore not within the court’s jurisdiction under Article V, Section 20(c)(3) of the Florida Constitution.[1]
Appellant was charged in Count II with violating section 316.193, Florida Statutes (1981), which states in part:
316.193 Driving while under the influence of alcoholic beverages, model glue, or controlled substances.—
(1) It is unlawful and punishable as provided in subsection (2) for any person who is under the influence of alcoholic beverages, model glue, or any substance controlled under chapter 893, when affected to the extent that his normal faculties are impaired, to drive or be in the actual physical control of any vehicle within this state.
(2) Any person who is convicted of a violation of subsection (1) shall be punished:
(a) For first conviction thereof, by imprisonment for not more than 6 months or by a fine of not less than $25 or more than $500, or by both such fine and imprisonment.
(b) For a second conviction within a period of 3 years from the date of a prior conviction for violation of this section, by imprisonment for not less than 10 days nor more than 6 months and, in the discretion of the court, a fine of not more than $500.
(c) For a third or subsequent conviction within a period of 5 years from the date of conviction of the first of three or more violations of this section, by imprisonment for not less than 30 days nor more than 12 months and, in the discretion of the court, a fine of not more than $i;ooo.
To support his contention that the circuit court lacked jurisdiction because the above crime is not a misdemeanor, appellant cites the following statute:
775.08 Classes and definitions of offenses. — When used in the laws of this state:
(1) The term “felony” shall mean any criminal offense that is punishable under the laws of this state or that would be punishable if committed in this state, by death or imprisonment in a state penitentiary. ...
(2) The term “misdemeanor” shall mean any criminal offense that is punishable under the laws of this state, or that would be punishable if committed in this state, by a term of imprisonment in a *421 county correctional facility, except an extended term, not in excess of 1 year. The term “misdemeanor” shall not mean a conviction for any violation of any provision of chapter 316 or any municipal or county ordinance.
(3) The term “noncriminal violation” shall mean any offense that is punishable under the laws of this state, or that would be punishable if committed in this state, by no other penalty than a fine, forfeiture, or other civil penalty. A noncriminal violation does not constitute a crime, and conviction for a noncriminal violation shall not give rise to any legal disability based on a criminal offense. The term “noncriminal violation” shall not mean any conviction for any violation of any municipal or county ordinance. Nothing contained in this code shall repeal or change the penalty for a violation of any municipal or county ordinance.
(4) The term “crime” shall mean a felony or misdemeanor.
—§ 775.08, Florida Statutes (1981).
In Thompson v. Office of the Public Defender, etc., 387 So.2d 541 (Fla. 5th DCA 1980), the public defender contended that he had no authority to represent an insolvent defendant charged with driving under the influence of alcoholic beverages[2] because it was neither a felony nor a misdemeanor [3] under section 775.08. The district court reviewed sections 316.193(1), (2), 775.-08(2), (3), reproduced above, and section 316.655:[4]
316.655 Penalties.—
(1) A violation of the provisions of this chapter, except criminal offenses enumerated in subsection (4), shall be deemed an infraction, as defined in s. 318.13(3).
[[Image here]]
(4) Any person convicted of a violation of s. 316.027, s. 316.061, s. 316.067, s. 316.072, s. 316.192, s. 316.193, or s. 316.-1935 shall be punished as specifically provided in that section....
—§ 316.655, Florida Statutes (1981).
The court determined that “these sections read together state that a violation of section 316.193 is a ‘criminal offense.’ We do not believe it can be seriously questioned that a ‘criminal offense’ is a crime. Section 775.08(4) states that the ‘term “crime” shall mean a felony or misdemeanor.’ ” The court also looked to section 318.13(3), which states, “ ‘[infraction’ means a noncriminal violation which is not punishable by incarceration...” and noted that the offense described in section 316.193 is not an infraction or noncriminal violation inasmuch as it is punishable by incarceration. Thompson, supra, at 543.
We agree with the district court’s conclusion that a violation of section 316.193(1) was a crime which constituted a misdemeanor based on the punishment therefor. See State v. Bailey, 360 So.2d 772 (Fla.1978). In Nettleton v. Doughtie, 373 So.2d 667 (Fla.1979), the supreme court held that, even though no statute authorized the county court to try noncriminal infractions under chapter 316, Florida Statutes (1977), the legislature clearly intended that jurisdiction remain vested in that court.
The legislature changed certain traffic violations from criminal misdemeanors to noncriminal traffic infractions.... In so doing, they did not add or take away any jurisdiction from the judicial branch but only changed its character from criminal to civil (emphasis added).
—Nettleton, supra, at 668.
While the legislature may have envisioned a distinction between the offense of driving under the influence of alcoholic beverage and other misdemeanor offenses for certain purposes, i.e., in order to enumerate particular penalties for the former,[5] we conclude that the legislature did not intend *422 to alter its essential character as a criminal offense constituting a misdemeanor as that term is used in defining the jurisdiction of the circuit court. See § 26.012, Florida Statutes (1981).
For the foregoing reasons, we hold that the trial court did not err in denying appellant’s motion to dismiss.
AFFIRMED.
DELL and WALDEN, JJ., concur.

. This section states that "Circuit courts shall have jurisdiction ... of all felonies and of all misdemeanors arising out of the same circumstances as a felony which is also charged.” See also § 26.012(2)(d), Florida Statutes (1981).

. § 316.193, Florida Statutes (1979).

. See § 27.51, Florida Statutes (1979) (enumerating classes of persons eligible for public defender representation).

. The statutory provisions discussed in Thompson are identical in relevant part to those applicable sub judice and referred to herein.

. See § 775.082(4), (5), Florida Statutes (1981).