450 So.2d 836 (1984)
Karen WHIRLEY, Petitioner,
v.
STATE of Florida, Respondent.
No. 62948.
Supreme Court of Florida.
May 17, 1984.
*837 Judge C. Luckey, Jr., Public Defender, Daniel R. Kirkwood and Bryan E. Hopkins, Asst. Public Defenders, Tampa, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, Peggy A. Quince and Diane Barrs, Asst. Attys. Gen., E.J. Salcines, State Atty., and Claire Cours Jackson, Asst. State Atty., Tampa, for respondent.
PER CURIAM.
This cause, State v. Whirley, 421 So.2d 555 (Fla. 2d DCA 1982), is before us as conflicting with Powers v. State, 370 So.2d 854 (Fla. 3d DCA), review denied, 379 So.2d 209 (Fla. 1979). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Petitioner was arrested on December 30, 1980, and charged with a violation of section 316.193(1), Florida Statutes (1979), and section 39-2(b), Tampa City Code, for driving under the influence of alcoholic beverages, narcotic drugs, barbiturates, or other stimulants. The citation subsequently was amended to charge a violation of section 316.193(3), Florida Statutes (1979),[1] driving with an unlawful blood alcohol level. The charge of violating section 316.193(1) was dropped. The county judge denied petitioner's motion for a jury trial, found her guilty, and sentenced her to ten days in jail. On appeal, the circuit court reversed.
The Second District Court of Appeal quashed the circuit court's order and held that when one is charged with a violation of both a city ordinance and a state statute, one is entitled to a jury trial only if the penalty that could be imposed exceeds six months in jail and a $500 fine. Whirley, 421 So.2d at 556. The penalty for a firsttime violation of section 316.193(3), Florida Statutes (1979), is imprisonment for not more than ninety days or a fine of not more than $250 or both.
The jury trial provision of the sixth amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." This provision is made binding upon the states through the due process clause of the fourteenth amendment. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). The most significant limitation on the right to trial by jury is the so-called petty offense exception which limits the constitutional guarantee of a jury trial to "serious" crimes and thus limits the literal application of the sixth amendment. The *838 distinction between petty offenses and serious crimes has focused upon the consideration of whether a given crime is serious enough to warrant a jury trial. If a crime is excluded from the serious category, it is petty. The classes of serious crimes are: crimes that were indictable at common law, Callan v. Wilson, 127 U.S. 540, 8 S.Ct. 1301, 32 L.Ed. 223 (1888); crimes that involve moral turpitude, Schick v. United States, 195 U.S. 65, 24 S.Ct. 826, 49 L.Ed. 99 (1904); crimes that are malum in se, or inherently evil at common law, District of Columbia v. Colts, 282 U.S. 63, 51 S.Ct. 52, 75 L.Ed. 177 (1930); and crimes that carry a maximum penalty of more than six months in prison, Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970). The first three criteria involve the nature of the offense itself. In Baldwin, the court found that the one most relevant and objective criterion to use in determining whether an offense is serious or petty is the severity of the maximum authorized penalty. The Court held that a crime could not be treated as petty, regardless of whether any of the "nature of the offense" criteria applied, if the potential penalty exceeded six months in prison.
The conviction under consideration in Whirley is a petty offense that fits within none of the above classes; thus, the petitioner enjoys no federally protected right to a jury trial.
Our next consideration is whether there exists the right to a jury trial under the Florida Constitution or statutory laws. We made a constitutional inquiry in State v. Webb, 335 So.2d 826 (Fla. 1976), wherein the accused was charged with a violation of section 325.12, Florida Statutes (1975), driving a motor vehicle without a valid inspection certificate. Justice Adkins, writing for the Court, analyzed Webb's right to a jury trial under article I, section 22, of the Florida Constitution, which provides that "[t]he right of trial by jury shall be secure to all and remain inviolate" and found the right nonexistent for traffic-law violations:
Our Constitution, which became effective upon Florida's admittance to the Union in 1845, has contained similar language throughout our history. Although this right has been carefully protected and enforced by this Court, it is not unlimited. It has long been established that this provision guarantees the right to trial by jury in only those cases in which the right was recognized at the time of the adoption of the State's first constitution [citations omitted]. It does not extend to those cases where the right and the remedy with it were unknown at the time of the adoption of the first constitution. Pugh v. Bowden, 54 Fla. 302, 45 So. 499 (1907).
Turning to the case before us, it seems obvious that the right to a trial by jury has never been constitutionally required for violations of Fla. Stat. § 325.12, F.S.A., or for any other traffic law violation. While it is true that jury trials were provided for prior to the enactment of Florida's decriminalization law, the right was a statutory one only; it has never been, and is not now, a constitutionally required right.
Webb, 335 So.2d at 828. We find the Webb rationale applicable to those violations of section 316.193 which do not carry a possible penalty of more than six months' imprisonment.
Article I, section 16, of the Florida Constitution provides: "In all criminal prosecutions the accused shall ... have a speedy and public trial by impartial jury... ." The state argues that the offense charged is not a crime under section 775.08(2), Florida Statutes (1979),[2] and therefore a charge of its commission does not confer the right to a jury trial. We reject *839 this reasoning and adopt the analysis in Thompson v. Office of Public Defender, 387 So.2d 541 (Fla. 5th DCA 1980). In Thompson the Fifth District Court of Appeal considered whether a violation of section 316.193(1), Florida Statutes (1979), was a crime in the context of determining whether a public defender had the duty to represent an indigent charged with violation of the statute. The Fifth District recognized dissonance when reading together section 775.08(2), which excepted from the definition of "misdemeanor," "any violation of any provision of chapter 316" and section 316.655, which read in pertinent part:
(1) A violation of any of the provisions of this chapter, except criminal offenses enumerated in section (4), shall be deemed an infraction, as defined in § 318.13(3).
(4) Any person convicted of a violation of s. 316.027, s. 316.061, s. 316.067, s. 316.072, s. 316.192, s. 316.193, or s. 316.1935 shall be punished as specifically provided in such sections.
Thompson, 387 So.2d at 543. The court concluded that these latter subsections make it clear that a violation of section 316.193 is a "criminal offense." We agree that a violation of section 316.193 is a criminal offense, and therefore we consider the applicability of article I, section 16 of the Florida Constitution to the charge under consideration. We hold that the federal petty crime exception to the jury trial requirement in criminal prosecutions is also an exception under our own constitutional provision. See Aaron v. State, 345 So.2d 641 (Fla.), cert. denied, 434 U.S. 868, 98 S.Ct. 208, 54 L.Ed.2d 146 (1977); Aaron v. State, 284 So.2d 673 (Fla. 1973).
The only arguable statutory right to a jury trial for what we find to be a petty offense is under section 932.61, Florida Statutes (1979), which provides:
A person charged in court with a violation of a county or municipal ordinance for which no jury trial is provided may, when the violation of a county or municipal ordinance is also a violation of a state law, cause the transfer of the violation to the appropriate court in which a trial by jury is provided... .
That section, however, does not independently confer a right to a jury trial if none would exist for a violation of the state law alone. Its primary purpose is to prevent circumvention of a right to a jury trial for a state criminal offense by the device of charging an equivalent municipal or county ordinance violation.
In 1979 the legislature chose to give one charged with violating section 316.193(1), Florida Statutes (1979), the right to a jury trial by enacting section 322.262(4), Florida Statutes (1979):
(4) Any person charged with driving a motor vehicle while under the influence of intoxicating beverages to the extent that his normal faculties were impaired, whether in a municipality or not, shall be entitled to a trial by jury according to the Florida Rules of Criminal Procedure.
Because the legislature failed to grant a similar right in the case of one charged with driving or being in physical control of a vehicle with a blood alcohol level of 0.10 per cent or above, we conclude the omission was intentional. As long as the offense charged carries a penalty of no more than six months' imprisonment and a fine of no more than $500, we see nothing to preclude the legislature from intending such a result. We therefore approve the district court's holding that petitioner was not entitled to a jury trial. We disapprove any language in Powers that conflicts with this opinion.
It is so ordered.
ALDERMAN, C.J., and ADKINS, McDONALD and EHRLICH, JJ., concur.
OVERTON, J., concurs specially with an opinion.
SHAW, J., concurs specially with an opinion.
BOYD, J., dissents with an opinion.
OVERTON, Justice, specially concurring.
The decision reached by the majority in this case is in accordance with the United *840 States Supreme Court's construction of the federal constitution that there is no right to a jury trial for an offense punishable by less than six months in prison and with this Court's interpretation of the state constitution that there is, no right to a jury trial for traffic offenses[1] or criminal contempt.[2] Therefore, I concur in this decision. In my view, the legislature should immediately consider providing a statutory right to a jury trial for criminal and traffic offenses which are punishable by incarceration for less than six months.
SHAW, Justice, specially concurring.
I concur because the controlling case law is clear and well established. However, if we were writing on a clean slate, I would hold that the United States Constitution means just what it says  in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury. I would so hold regardless of the length of the imprisonment or whether the crime existed at the time the constitution was adopted. The history of this nation's development convinces me that the constitution was written with a view to the future. The American revolutionaries, who drafted and adopted the Bill of Rights, considered royal law, judge trials, and lawyer's law to be objectionable. They intended that no one in these United States faced with a criminal prosecution and desiring a jury trial be imprisoned unless first convicted by a jury of peers.
BOYD, Justice, dissenting.
I must dissent because I find that the appellant has a state constitutional right to a jury trial. Our constitution explicitly provides a right to trial by a fair and impartial jury in all criminal prosecutions. Art. I, § 16, Fla. Const. Since driving a motor vehicle with an unlawful blood alcohol level is a criminal offense with a commensurate penalty of incarceration, this constitutional provision should apply notwithstanding earlier precedents to the contrary. Moreover, I disagree with the majority's characterization of this crime as a "petty" offense.
Most states have constitutional provisions like Florida's, which guarantee a trial by an impartial jury in all criminal proceedings. A growing number of courts in these states are interpreting their constitutional provisions literally and expanding the right to a trial by jury beyond what the United States Supreme Court has held to be the minimum requirements under the federal constitution. See, e.g., Miller v. Winstead, 75 Idaho 262, 270 P.2d 1010 (1954); State v. Sklar, 317 A.2d 160 (Me. 1974); People v. Goodwin, 69 Mich. App. 471, 245 N.W.2d 96 (Ct.App. 1976); City of Battle Creek v. Burnett, 55 Mich. App. 649, 223 N.W.2d 110 (Ct.App. 1974); Peterson v. Peterson, 278 Minn. 275, 153 N.W.2d 825 (Minn. 1967); Brown v. Multnomah County District Court, 280 Or. 95, 570 P.2d 52 (1977); Franklin v. State, 576 S.W.2d 621 (Tex. Crim. App. 1978); State v. Becker, 130 Vt. 153, 287 A.2d 580 (1972); City of Pasco v. Mace, 98 Wash.2d 87, 653 P.2d 618 (1982); State v. Voss, 34 Wis.2d 501, 149 N.W.2d 595 (1967). But see Thomas v. State, 331 A.2d 147 (Del. 1975); City of Monroe v. Wilhite, 255 La. 838, 233 So.2d 535, cert. denied, 400 U.S. 910, 91 S.Ct. 136, 27 L.Ed.2d 150 (1970); McGowan v. State, 258 So.2d 801 (Miss.), cert. denied, 409 U.S. 1006, 93 S.Ct. 430, 34 L.Ed.2d 298 (1972); State ex rel. Cole v. Nigro, 471 S.W.2d 933 (Mo.), appeal dismissed, 404 U.S. 804, 92 S.Ct. 122, 30 L.Ed.2d 36 (1971); State v. Young, 194 Neb. 544, 234 N.W.2d 196 (1975); Hamilton v. Walker, 65 N.M. 470, 340 P.2d 407 (1959); State v. Heath, 177 N.W.2d 751 (N.D. 1970); Commonwealth v. Patterson, 452 Pa. 457, 308 A.2d 90 (1973). In construing our constitution we should not blindly abide by the federal standards nor strictly adhere to our past precedents. Our function is not to determine what our constitution has meant in the past, but rather to determine what it should mean now and in the future. Because of the *841 extreme importance our society places upon a person's right to be judged by his peers, our constitution should be literally interpreted to provide a right to jury trial in all criminal proceedings. In determining what constitutes a criminal proceeding, a court should consider the type of offense the maximum possible penalty, the collateral consequences of a conviction, the punitive significance, and the applicability of criminal procedures such as arrest and detention. Brown v. Multonomah County District Court; Nickelson v. People, 607 P.2d 904 (Wyo. 1980).
In applying these criteria, the most significant factor to consider is whether the defendant may be subjected to a sentence of imprisonment. Many states now hold that a defendant has a constitutional right to a jury trial whenever he may be subjected to incarceration. See, e.g., State v. Browder, 486 P.2d 925 (Alaska 1971); Rothweiler v. Superior Court of Pima County, 100 Ariz. 37, 410 P.2d 479 (1966); City of Canon City v. Merris, 137 Colo. 169, 323 P.2d 614 (1958); People v. Schomaker, 116 Mich. App. 507, 323 N.W.2d 461 (Ct.App. 1982); Cahill v. Fifteenth District Judge, 70 Mich. App. 1, 245 N.W.2d 381 (1976); City of Lima v. Rambo, 113 Ohio App. 158, 177 N.E.2d 554 (Ct.App. 1960); Murrah v. City of Oklahoma City, 620 P.2d 1335 (Okla.Cr.App. 1980); State v. Wikle, 291 N.W.2d 792 (S.D. 1980); Hendershot v. Hendershot, 263 S.E.2d 90 (W. Va. 1980).
It is of small moment to the citizen whether the period of incarceration is long or short; one day may be too long. Its results may be serious for one man and less so for another, depending upon a variety of circumstances. Furthermore, the great bulk of the citizenry encounters the judicial process most frequently in the prosecution of what have been called the petty offenses. Punishment inflicted at that level can be as harsh and as devastating to the life of the citizen as those meted out for more serious misdemeanors and for felonious conduct. Why should the remedial process be less just at one level than at another? We should be alert against attempts by government to whittle away fundamental rights on grounds of expediency. It is our constitutional duty to prevent such untoward consequences for the citizen at large.
Baker v. City of Fairbanks, 471 P.2d 386, 401 (Alaska 1970).
As the majority opinion points out, driving with a high blood alcohol content is considered a crime in this state. The fact that a person can be sentenced to serve a prison term for committing this crime makes it all the more imperative that the person be afforded a trial by an impartial jury. I fail to see why the constitutional right to a jury trial should depend on whether the maximum sentence that can be imposed is more or less than six months. The harsh reality of life in modern-day prisons, the consequent impairment of one's livelihood, and the social stigma of having served a prison term apply equally to those who serve one day in prison as to those who serve more than six months.
Fourteen years ago, this Court approved the use of the six-month distinction as a basis for denying persons accused of a misdemeanor of their constitutional right to an attorney. See State ex rel. Argersinger v. Hamlin, 236 So.2d 442 (Fla. 1970), rev'd, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). I dissented in that case, stating:
Federal and State Constitutions are adopted for all of the people and must be applied uniformly. When a person is denied the exercise of constitutional rights, they are as meaningless to him as the shadow of a ghost. There is no magic yardstick by which we can determine liberty is more precious to one person than to another. From the inside all jails look alike.
Id. at 445 (Boyd, J., dissenting). A person facing a possible prison sentence should be afforded all of the constitutional rights designed and intended for the protection of the criminally accused, not just some of them.
*842 Finally, I would like to state that I disagree with the majority's characterizing the crime in question in this case as a "petty" offense.
Today the drinking driver is a major cause of death, loss of limb, and the destruction of property on the highway. Because of the consequences the offense of driving a motor vehicle while intoxicated must be considered male in se and cannot reasonably be characterized as minor, trivial, or petty. Society regards the offense as serious.
Parham v. Municipal Court in and For City of Sioux Falls, 86 S.D. 531, 538, 199 N.W.2d 501, 505 (1972). Accord Rothweiler v. Superior Court of Pima County; City of Cannon City v. Merris; State v. Hoben, 256 Minn. 436, 98 N.W.2d 813 (1959); Artis v. Rowland, 64 Wash.2d 576, 392 P.2d 815 (1964). I would therefore quash the district court's decision with directions to reverse appellant's conviction on the ground that she was denied her state constitutional right to a trial by jury.
NOTES
[1] Section 316.193(3) provides:

(3) It is unlawful and punishable as provided in subsection (4) for any person with a blood alcohol level of 0.10 percent, or above, to drive or be in actual physical control of any vehicle within this state.
[2] Section 775.08(2) provides:

(2) The term "misdemeanor" shall mean any criminal offense that is punishable under the laws of this state, or that would be punishable if committed in this state, by a term of imprisonment in a county correctional facility, except an extended term, not in excess of 1 year. The term "misdemeanor" shall not mean a conviction for any violation of any provision of chapter 316 or any municipal or county ordinance.
[1] State v. Webb, 335 So.2d 826 (Fla. 1976).
[2] In re Florida Rules of Criminal Procedure, 196 So.2d 124, 173-75 (Fla. 1967).