PER CURIAM.
These cases are before us on consolidated appeals from two orders denying defendants’ petitions for writ of prohibition or, in the alternative, writ of mandamus. The issue presented is whether defendants, charged with violating Section 316.-193(l)(a), Florida Statutes (1983), “[d]riving while under the influence of alcoholic beverages, chemical substances, or controlled substances or with an unlawful blood alcohol level,” were improperly denied jury trials.[1]
The plain language of the statute is clear. Section 316.1934(4), Florida Statutes (Supp.1984), provides as follows:
Any person charged with a violation of s. 316.193 or s. 316.1931, whether in a municipality or not, shall be entitled to trial by jury according to the Florida Rules of Criminal Procedure.
This statute is the amended version of the 1979 statute which separated and distinguished the charge of “[djriving under the influence of alcoholic beverages ... or controlled substances” from the charge of “[djriving ... with an unlawful blood alcohol level.” The 1979 statute provided separate procedures and penalties for each charge.[2]
Accordingly, the Supreme Court of Florida, in Whirley v. State, 450 So.2d 836 (Fla.1984), held that Section 322.262(4), Florida Statutes (1979), expressly granted persons charged with violating Section 316.193(1), Florida Statutes (1979), “[d]riving while under the influence of alcoholic beverages ... or controlled substances,” the right to a jury trial. The court also noted, in Whirley, supra, that the Legislature failed to grant a similar right to someone charged with driving or being in physical control of a vehicle with an unlawful blood alcohol level. However, in 1983, the Legislature consolidated these charges under Section 316.193, Florida Statutes (1983), and adopted Section 316.1934 to provide a jury trial to persons charged with the single offense of driving while under the influence of alcoholic beverages or with an unlawful blood alcohol level.
We therefore reverse the orders below and remand this cause to the circuit court with directions that the court remand the causes to the appropriate county courts with instructions that jury trials be granted.
BOOTH, C.J., and SMITH and WENT-WORTH, JJ., concur.

. Appellants were charged in separate instances in Madison and Suwannee County Courts with driving while under the influence or with an unlawful blood alcohol level, in violation of Section 316.193(l)(a), Florida Statutes (1983). Both demanded jury trials and were denied after respective hearings. Each filed a petition for writ of prohibition or, in the alternative, writ of mandamus with this court. This court transferred the petitions to the Third Judicial Circuit. The petitions were denied below because they were declared moot, as the trial dates had come and gone, and on the basis of Jackson v. State, Case No. 84-147 (Fla. 3d Cir.Ct., Dec. 4, 1984). The circuit court relied on Whirley v. State, 450 So.2d 836 (Fla.1984), in Jackson, supra, and held that a defendant’s right to a jury trial is governed by Rule 3.251, Florida Rules of Criminal Procedure, as interpreted by the Supreme Court of Florida in Whirley, supra, to afford jury trials when the pending charges attach a possible penalty of incarceration exceeding six months.

. Section 322.262(4), Florida Statutes (1979), expressly provided a jury trial to persons charged with driving under the influence, to-wit:
Any person charged with driving a motor vehicle while under the influence of intoxicating beverages to the extent that his normal faculties were impaired, whether in a municipality or not, shall be entitled to a trial by jury according to the Florida Rules of Criminal Procedure.