PER CURIAM.
This is an appeal of an order issued by the County Court for Marion County, Florida, denying defendant Antonacci’s demand for jury trial. The county court has certi *522 fied three questions to be of great public importance. We have accepted jurisdiction pursuant to Florida Rules of Appellate Procedure 9.030(b)(4)(A) and 9.160.
We restate the county court’s three certified questions as follows:
Whether a defendant who has been charged with assault in violation of section 784.011, Florida Statutes, is entitled to trial by jury.
Article I, section 16 of the Florida Constitution, and the Sixth Amendment of the United States Constitution, both bestow upon defendants the right to a jury trial in all criminal prosecutions. Similarly, Florida Rule of Criminal Procedure 3.251 tracks the language of Article I, section 16 of the Florida Constitution, and provides that “[i]n all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury....” However, a defendant’s right to a trial by jury has been judicially limited to only those crimes which are considered to be “serious” as opposed to crimes considered to be “petty.” The Florida Supreme Court in Whirley v. State, 450 So.2d 836 (Fla.1984), has enumerated four classes of serious crimes as to which a defendant is entitled to trial by jury:
crimes that were indictable at common law, Callan v. Wilson, 127 U.S. 540, 8 S.Ct. 1301, 32 L.Ed. 223 (1888); crimes that involve moral turpitude, Schick v. United States, 195 U.S. 65, 24 S.Ct. 826, 49 L.Ed. 99 (1904); crimes that are malum in se, or inherently evil at common law, District of Columbia v. Colts, 282 U.S. 63, 51 S.Ct. 52, 75 L.Ed. 177 (1930); and crimes that carry a maximum penalty of more than six months in prison. Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970).
Whirley, 450 So.2d at 838. While the severity of the maximum authorized penalty is the easiest class to recognize, the three other classes enumerated by the Florida Supreme Court also entitle the accused to trial by jury.
According to section 784.011(2), Florida Statutes, a defendant convicted of committing an assault is guilty of a second degree misdemeanor. Under section 775.082, Florida Statutes, a defendant so convicted can receive a maximum punishment of a term of imprisonment not exceeding 60 days and, pursuant to section 775.083, Florida Statutes, a $500 fine. On its face, this maximum authorized penalty is not sufficiently severe to classify assault as a “serious” crime such that a defendant would be entitled to trial by jury. The question remains, however, whether assault can be classified as a “serious” offense under the other three categories enumerated in Whir-ley.
No Florida case decision has addressed this question. However, it is noted in 6A C.J.S. Assault and Battery § 62 (1975) that at common law, assault was an indictable offense. See also Smith v. Smith, 194 S.C. 247, 9 S.E.2d 584 (1940). This conclusion finds support in Blackstone’s Commentaries, which notes that “assault ... is also indictable and punishable with fines and imprisonment_” 4 W. Blackstone, Commentaries *26. We conclude that because the crime of assault was indeed indictable at common law, it is an offense for which a defendant is entitled to trial by jury under Whirley.
The trial judge below was concerned that because the common law crime of assault was abrogated by section 784.011, Florida Statutes, the fact assault was indictable at common law is not applicable to the question. Though statutory assault[1] has replaced common law assault, this does not affect the dispositive question of whether the crime of assault was an offense indictable at common law. Cf. Reed v. State, 470 So.2d 1382 (Fla.1985) (though the common law crime of malicious mischief was abrogated by section 806.13(2)(a), Florida Statutes, which created the crime of “criminal mischief,” because malicious mischief is malum in se and was, thus, indictable at common law, the statutory offense of crim *523 inal mischief is still an offense for which a defendant is entitled to trial by jury). Furthermore, the crime of assault is malum in se. See generally 1 W. Burdick, Law of Crime §§ 86-95 (1946). See also People v. Washburn, 197 Colo. 419, 593 P.2d 962 (1979). This also entitles a defendant charged with assault to trial by jury under Whirley.
We find that the commission of an assault in violation of section 784.011, Florida Statutes, is an offense for which a defendant is entitled to trial by jury. The above certified question is answered in the affirmative and the cause remanded for proceedings consistent with this opinion.
DAUKSCH, SHARP and COWART, JJ., concur.

. We are aware that at common law, assault was an attempted battery as opposed to the current statutory crime of assault under section 784.011, Florida Statutes. See the special concurring opinion in Savino v. State, 447 So.2d 411 (Fla. 5th DCA 1984).