**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robert M. GARNER,**
**Defendant–Appellant.**

**No. 87–3780.**

United States Court of Appeals,
Eleventh Circuit.

June 13, 1989.

James W. May, Gulf Shores, Ala., for defendant-appellant.

Lt. William S. Garner, Sp. Asst. U.S. Atty., Pamela A. Moine, Asst. U.S. Atty., Pensacola, Fla., for plaintiff-appellee.

Before RONEY, Chief Judge, COX, Circuit Judge, and MORGAN, Senior Circuit Judge.

PER CURIAM:

At 3:30 a.m. on January 25, 1987, Officer Paul Cutler observed Garner, an Alabama licensee, drive his car through a red light on the premises of the Naval Air Station in Pensacola, Florida, and weave from side to side, crossing yellow lane markers several times. After stopping Garner, Officer Cutler became suspicious that Garner had been drinking, and escorted him to the police station to administer an intoxilyzer test. The test results indicated that Garner was legally intoxicated. Garner was prosecuted for first offense DUI under Fla.Stat. § 316.193 (Supp.1989) and the Federal Assimilative Crimes Act, 18 U.S.C. §§ 7 and 13 (1969), in the United States District Court for the Northern District of Florida. A United States Magistrate found him guilty as charged, and his conviction was affirmed by the district court.[1] On appeal, Garner argues that his conviction should be reversed because he was entitled to a trial by jury under Article III of the United States Constitution and the Sixth Amendment. We affirm.

■ Article III, sec. 2, cl. 3 of the United States Constitution guarantees the right to a jury in "[t]he Trial of all Crimes, except in Cases of Impeachment...."[2] The right does not exist, however, for the trial of "petty" offenses. *District of Columbia v. Clawans*, 300 U.S. 617, 57 S.Ct. 660, 81 L.Ed. 843 (1937). "Petty" offense is defined in 18 U.S.C. § 1(3) (1986 Supp.) as "any misdemeanor, the penalty for which, as set forth in the provision defining the offense, does not exceed imprisonment for a period of six months or a fine of more than $5,000 ... or both...."[3]

■ The punishment for a first offense DUI in Florida is defined by Fla.Stat. § 316.193. The statute requires a fine of "[n]ot less than $250 and not more than $500," and a term of imprisonment of "[n]ot more than 6 months...."[4] In addition, the offender is required to attend a substance abuse program at his own expense, and must serve a term of probation not to exceed one year, a condition of which probation is that the offender must perform fifty hours of community service. *See* Fla.Stat. § 316.193(5) and (6). Also, the offender's driving privileges are revoked "for not less than 180 days or more than 1 year." Fla.Stat. § 322.28 (Supp. 1989). Finally, because Garner was an Alabama licensee, and because both Florida and Alabama belong to the Interstate Driver's License Compact, conviction also carries with it revocation by Alabama's Director of Public Safety of his Alabama license for a period of ninety days. *See* Code of Alabama §§ 32–5A–191(c) and 32–5A–195(j)(2) (1983). Garner argues that this panoply of penalties, coupled with the potential collateral consequences of conviction, such as a potential increase in liability insurance premiums, public opprobrium, and the potential for an enhanced sentence upon a second or subsequent conviction, render first offense DUI sufficiently "seri-

1. Garner was also convicted of running a red light in violation of Fla.Stat.Ann. 316.074 (1975), but that conviction has no relevance to this appeal.

2. Supreme Court decisions addressing the argument presented by Garner in this case have not distinguished between the guarantee of a right to a jury trial in Article III and the Sixth Amendment. For this reason, we discuss the two sources of the guarantee interchangeably.

3. Under 18 U.S.C. § 1, "[a]ny offense punishable by death or imprisonment for a term exceeding one year is a felony," and "[a]ny other offense is a misdemeanor."

4. The court is authorized, however, to suspend the imposition of any term of imprisonment and place the offender immediately on probation. *See* Fla.Stat. §§ 921.187(1)(a) and 948.01 (1985).

ous" to entitle him to a jury trial under Article III. We disagree.

The Supreme Court recently held in *Blanton v. City of North Las Vegas,* — U.S. —, 109 S.Ct. 1289, 103 L.Ed.2d 550 (1989), that an offense is presumed to be "petty" for purposes of the right to jury trial if the available maximum term of imprisonment is less than six months. *Id.* at —, 109 S.Ct. at 1292. The Court then held that "[a] defendant is entitled to a jury trial in such circumstances only if he can demonstrate that any additional *statutory*[5] penalties, viewed in conjunction with the maximum authorized period of incarceration are so severe that they clearly reflect a legislative determination that the offense in question is a 'serious' one." *Id.* at — - —, 109 S.Ct. at 1293.

Garner has not persuaded us that first offense DUI under Florida law is more "serious" than the offense the Court found to be "petty" in *Blanton.* A comparison of the applicable penalties in this case and in *Blanton* reveals that they are similar. Although Florida, unlike Nevada, requires a period of community service, and although Florida revokes driving privileges for a longer period of time, we are not satisfied that these somewhat stiffer penalties render Garner's offense sufficiently "serious" to entitle him to a jury trial.

Garner additionally argues that he should be entitled to a jury trial because he would have been so entitled had he been prosecuted in the state courts of either Florida or Alabama. We need not decide whether this argument has merit as it pertains to Alabama law, because Garner could not have been prosecuted for his offense in an Alabama state court, and the only collateral consequence which he suffers in Alabama is the previously-mentioned suspension of his license. While it is true that Garner would have been entitled to a jury trial had this prosecution occurred

in the state courts of Florida, *see Heidrich v. State ex rel. Blair,* 490 So.2d 1306 (Fla. Dist.Ct.App.1986); Fla.Stat. § 316.1934(4) (Supp.1988), this fact does not change the result we reach today. Only those portions of state law defining the elements of an offense and proscribing punishment are automatically assimilated into federal law by the Federal Assimilative Crimes Act; other provisions of state law relating to the prosecution are assimilated only if they do not conflict with federal laws on the point. *See United States v. Sain,* 795 F.2d 888, 890–91 (10th Cir.1986); *United States v. Holley,* 444 F.Supp. 1361, 1362 (D.Md.1977). Whether Garner would have been entitled to a jury trial had he been prosecuted by the State of Florida in its courts is immaterial; instead, the relevant inquiry is whether he is entitled under *federal* law to a jury trial because of the potential severity of punishment—i.e., the "seriousness" of the offense—as prescribed by state law. *Sain,* 795 F.2d at 891. As we have already stated, first offense DUI under section 316.193 is not a "serious" offense as that term is understood by federal law. Florida's provision of a jury trial for the offense is in conflict with the federal rule that the right to a jury exists only for the trial of "serious" offenses and, for that reason, the provision must be disregarded. *Cf. United States v. Jenkins,* 780 F.2d 472, 475 (4th Cir.1986) (jury trial provision under South Carolina law which is merely procedural is not assimilated into federal law by Federal Assimilative Crimes Act). Consequently, Garner's argument is without merit.

For these reasons discussed in this opinion, Garner's conviction is AFFIRMED.

---

**5.** In fn. 8 of its opinion, the Court rejected the petitioners' argument that nonstatutory collateral consequences of a DUI conviction, such as a potential increase in liability insurance premiums, should be considered in determining whether an offense is "serious" for Sixth Amendment purposes. We reject Garner's similar argument in this case. We also reject Garner's argument that the potential for an enhanced sentence for a repeat offense should be considered, since those facts are not before us in this case. *Blanton,* — U.S. at —, 109 S.Ct. at 1293–94.