# DeJESUS v STATE OF FLORIDA

## Case No. 89-29AC10

Seventeenth Judicial Circuit, Broward County

February 1, 1990

## APPEARANCES OF COUNSEL

**Catherine Keuthan, Esquire,** Chief Assistant Public Defender, for appellant.

**Carolyn V. McCann, Esquire,** Assistant State Attorney, for appellee.

## OPINION OF THE COURT

LEROY H. MOE, Circuit Judge.

THIS CAUSE comes before the Court upon the appeal of a conviction entered against Appellant, Rita DeJesus, who has charged by Information on January 27, 1989, with a violation of F.S. § 775.082(4), resisting or obstructing a police officer without violence, a misdemeanor carrying a maximum penalty of one year in jail.

At her arraignment, the Appellant pled not guilty and requested a jury trial. On April 27, 1989, a status conference was held at which

time the Court indicated that the case was to be held without a jury as there would be no incarceration.

The non-jury trial was held on April 10, 1989 and Appellant was found guilty. Adjudication was withheld and $250 were imposed in court costs. Appellant has appealed to this Court alleging an abrogation of her constitutional right to a jury trial.

A criminal defendant's sixth amendment right to jury trial has been limited by case law by the petty-offense exception. "The distinction between petty offenses and serious crimes has focused upon the consideration of whether a given crime is serious enough to warrant a jury trial." *Whirley v State,* 450 So.2d 836 (Fla. 1984).

In *Whirley, supra,* the Florida Supreme Court outlined four types of serious crimes which required jury trial:

"crimes that were indictable at common law, *Callan v Wilson,* 127 U.S. 540; 8 S.Ct. 1301; 32 L.Ed. 223 (1888); crimes that involve moral turpitude, *Schick v United States,* 195 U.S. 65; 24 S.Ct. 826; 49 L.Ed. 99 (1904); crimes that are malum in se, or inherently evil at common law, *District of Columbia v Colts,* 282 U.S. 63 and *crimes that carry a maximum penalty of more than six months in prison, Baldwin v New York,* 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970)."

*Whirley* at 838 (emphasis added).

It is without question that the severity of the maximum authorized penalty is the most obvious criterion in determining whether a crime is a serious crime. *Rodriguez Sanchez v State,* 503 So.2d 436, 438 (Fla. 4th DCA 1987).

Florida Statute 918.057 allows the Court to proceed non-jury in criminal prosecutions for violations punishable for a term of *six months or less* if at the time the case is set for trial the court announces that in the event of a conviction a sentence of imprisonment will not be imposed and the defendant will not be adjudicated guilty. As the crime Appellant was charged with carried a maximum sentence of one year imprisonment, the trial court was incorrect in applying this statutory provision. In addition, the record is devoid of any indication of any meaningful waiver by the appellant of her right to a jury trial.

Appellant's fundamental constitutional right to a trial by jury has been denied by the trial court's certification of the case as non-jury. The trial court was without authority to waive appellant's right to jury trial where the maximum authorized sentence for the crime charged was over six months.

Accordingly, it is hereby,

**ORDERED AND ADJUDGED** that the decision of the Trial Court is REVERSED and REMANDED for further proceedings consistent with this opinion.

**DONE AND ORDERED** in Chambers, at the Broward County Courthouse, 201 Southeast Sixth Street, Fort Lauderdale, Broward County, Florida, 33301, this 1st day of February, 1990.