STONE, Judge.
We affirm a circuit court order directing the county court to discharge the defendant because he was not brought to trial within the speedy trial period. Appellee was charged with violating a municipal ordinance which made it unlawful to commit an act, otherwise constituting a state misdemeanor, within the city. The offense, if charged as a misdemeanor, is punishable by sixty days incarceration but, if charged as an ordinance violation, is punishable by ninety days incarceration.
Florida Rule -of Criminal Procedure 3.191 provides that “every person charged with a crime by indictment or information shall be brought to trial within 90 days if the crime charged be a misdemeanor, or within 175 days if the crime charged is a felony.” Appellant asserts that the rule is inapplicable because an ordinance violation is not a crime, by definition, regardless of the extent of punishment for its violation. See, e.g., Kimmons v. State, 156 Fla. 448, 23 So.2d 523 (Fla.1945); Roe v. State, 96 Fla. 723, 119 So. 118 (Fla.1928).
Florida Statutes Section 775.08(3) provides:
The term “noncriminal violation” shall mean any offense that is punishable under the laws of this state, or that would be punishable if committed in this state, by no other penalty than a fine, forfeiture, or other civil penalty. A noncriminal violation does not constitute a crime, and conviction for a noncriminal violation shall not give rise to any legal disability based on a criminal offense. The term “noncriminal violation” shall not mean any conviction for any violation of any municipal or county ordinance. Nothing contained in this code shall repeal or change the penalty for a violation of any municipal or county ordinance.
Additionally, Florida Statutes Section 775.-082(5) says:
Any person who has been convicted of a noncriminal violation may not be sentenced to a term of imprisonment nor to any other punishment more severe than a fine, forfeiture, or other civil penalty, except as provided in chapter 316 or by ordinance of any city or county.
Pursuant to the revision of article V of the constitution of this state, all ordinance violations are to be prosecuted in the coun *1332 ty court. Appellant asserts that prior to adoption of article V, the speedy trial rule did not apply to municipal court proceedings. See State ex rel. Savage v. Kaplan, 297 So.2d 868 (Fla. 4th DCA 1974). See also State v. Thaddies, 364 So.2d 819 (Fla. 4th DCA 1978). These cases were in accord with the view that ordinance violations tried in municipal courts, even though based on state criminal statutes and punishable by incarceration, were considered civil infractions.
Although Florida historically viewed the state and its municipalities as dual sover-eignties, the United States Supreme Court has determined that they are not. Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435, reh’g. denied, 398 U.S. 914, 90 S.Ct. 1684, 26 L.Ed.2d 79 (1970). In that case, the court recognized that municipal prosecutions for offenses punishable by incarceration deserve constitutional protections afforded in criminal prosecutions. See also Hernandez v. State, 397 So.2d 715 (Fla. 1st DCA), rev. denied, 411 So.2d 382 (1981). We note that the Florida Supreme Court, upon abolition of municipal courts, established a speedy trial moratorium with respect to municipal ordinance violation prosecutions transferred to the county court. In re Abolition of Municipal Courts Transition Rule 22, 339 So.2d 1119 (Fla.1976). Additionally, even prior to the adoption of article V, a municipal defendant could transfer charges that were punishable by incarceration to state court and thus be entitled to the speedy trial rule’s protection. See State v. Hendricks, 309 So.2d 232 (Fla. 4th DCA 1975); Barlow v. State, 345 So.2d 758 (Fla. 1st DCA 1977).
In our judgment, an ordinance violation punishable by incarceration is the equivalent of a misdemeanor for the purpose of applying speedy trial rules. A municipality may not deny an accused rights under the speedy trial rule, where the accused is formally charged with an act that is a crime under state law and is punishable by incarceration, simply by arbitrarily electing to charge him by ordinance. Cf. Mitchell v. State, 157 Fla. 121, 25 So.2d 73 (Fla.1946). In several instances offenses not otherwise defined as criminal have been treated as criminal, particularly where incarceration is the penalty. See In re Luskin, 552 So.2d 942 (Fla. 4th DCA 1989) (persons accused of criminal contempt are entitled to the same basic rights as those accused of violating criminal statutes); Miller v. State, 442 So.2d 419 (Fla. 4th DCA 1983) (violation for DUI, formerly considered an infraction, is treated as a crime even if excluded from the definition of “misdemeanor”); Moorman v. Bentley, 490 So.2d 186 (Fla. 2d DCA 1986) (criminal contempt); Thompson v. Office of Public Defender of Ninth Judicial Circuit In and For Orange County, 387 So.2d 541 (Fla. 5th DCA 1980) (right to public defender). Additionally, we note that ordinance violations which incorporate state statutes are used in calculating sentencing guidelines. See Williams v. State, 460 So.2d 478 (Fla. 5th DCA 1984).
Essentially we agree with the trial court’s simple statement posing the issue most succinctly:
The bottom line in this case is that it makes no sense to say that the speedy trial rule applies to a second-degree misdemeanor punishable by sixty (60) days in jail but does not apply to a City of Fort Lauderdale ordinance incorporating by reference the very language of the misdemeanor but punishable by ninety (90) days in jail.
Therefore, the final order of the trial court, entered upon a petition for writ of prohibition to the circuit court, is affirmed. Municipal ordinance violations punishable by incarceration are the equivalent of criminal prosecutions and are entitled to the protections of rule 3.191.
LETTS and DELL, JJ., concur.