SHARP, Judge.
Williams argues that the trial judge improperly calculated his score sheet in sentencing him pursuant to the Sentencing Guidelines, Florida Rule of Criminal Procedure 3.701, by scoring two of his prior convictions for violation of municipal ordinances as misdemeanors. The score sheet totaled 77 points, which included 4 points for four misdemeanor convictions. If the two points for municipal ordinance violations were deleted, the scoresheet would total 75 points, and Williams would fall into the next lower sentencing bracket of “any non-state prison sanction.” The judge imposed a sentence of 26 months in prison, which was within the parameters of the possible sentences in the second bracket or cell, pursuant to a 77 total point count. We affirm.
Williams argues that section 775.08(2), Florida Statutes (1983) should be read in pari materia with the sentencing guidelines. It provides:
(2) The term “misdemeanor” shall mean any criminal offense that is punishable under the laws of this state, or that would be punishable if committed in this state, by a term of imprisonment in a county correctional facility, except an extended term, not in excess of 1 year. The term “misdemeanor” shall not mean a conviction for any violation of any provision of Chapter 316 or any municipal or county ordinance.
The statute predates the sentencing guidelines, and if literally applied as Williams argues, it would prevent scoring for any municipal ordinance violations — a result we think contrary to the intent of the guidelines.
Williams’ two municipal ordinance convictions were for disorderly conduct and resisting arrest. Both of these offenses have parallel state law crimes.[1] Both are misdemeanors under state law.
The guidelines define “prior record,” to be used as the basis for scoring, as follows:
5. a) “Prior record” refers to any past criminal conduct on the part of the offender, resulting in conviction, disposed of prior to the commission of the instant offense. Prior record includes all prior Florida, federal, out-of-state, military, and foreign convictions.
⅜ ⅝ % ⅝ ⅜ #
*480 (4) Prior record shall include criminal traffic offenses, which shall be scored as misdemeanors.
(5) Convictions which do not constitute violations of a parallel or analogous state criminal statute shall not be scored. (Emphasis supplied).
Fla.R.Crim.P. 3.701(d)(5)(a). The guidelines’ all encompassing language, plus its exclusion of convictions which do not constitute violations of a parallel or analogous state criminal statute, persuade us that convictions for violations of municipal ordinances, which do have parallel state criminal statutes, were intended to be considered and scored as part of a defendant’s “prior record.”
Accordingly, the judgment appealed is
AFFIRMED.
COBB, C.J., and FRANK D. UPCHURCH, Jr., J., concur.

. §§ 843.02, 877.03, Fla.Stat. (1983).