[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17720
Non-Argument Calendar
_____

D.C. Docket No. 1:16-po-00015-MHT-TFM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAZARUS ANTONIO REAVES, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(August 11, 2017)

Before MARCUS, WILSON, and FAY, Circuit Judges.

PER CURIAM:

Lazarus Antonio Reaves, Jr., pled guilty to simple assault while on a military installation, a petty offense.  He reserved the right to appeal the magistrate judge's order denying his motion for a jury trial.  Reaves contends that Supreme Court precedent holding that there is no jury trial entitlement in petty offense cases is manifestly wrong and due to be overruled.

Reeves was charged in a 3-count information with unlawful entry upon a military installation, in violation of 18 U.S.C. § 1382 (count one); simple assault within the special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. § 113(a)(5) (count two); and unlawful reentry upon a military installation, in violation of 18 U.S.C. § 1382 (count three).  In guilty exchange for Reeves' guilty plea to count two, the government dismissed counts one and three and agreed that Reeves' sentence for simple assault would "consist solely of a fine" in an amount to be determined by the Court.  The judge imposed a fine of $100.

Simple assault, in violation of 18 U.S.C. § 113(a)(5), is punishable by "a fine . . . or imprisonment for not more than six months, or both."  18 U.S.C. § 113(a)(5).  Although we have not addressed whether simple assault is a petty offense, we have held that assault by striking, beating, or wounding, in violation of 18 U.S.C. § 113(a)(4) is "presumptively petty," and that the additional penalties available do not reflect a congressional determination that the offense is serious.

2

*United States v. Chavez*, 204 F.3d 1305, 1317 (11th Cir. 2000). Unlawful entry and reentry upon a military installation, in violation of 18 U.S.C. § 1382, are also punishable by a fine or a term of not more than six months' imprisonment, or both. 18 U.S.C. § 1382. Simple assault and unlawful entry and reentry upon a military installation are Class B misdemeanors, carrying a maximum fine of $5,000. *See* 18 U.S.C. §§ 3559(a)(7), 3571(b)(6).

"It has long been settled" that the right to a jury trial does not exist in cases involving petty offenses. *Blanton v. City of N. Las Vegas,* 489 U.S. 538, 541, 109 S. Ct. 1289, 1292 (1989); *accord United States v. Garner*, 874 F.2d 1510, 1512 (11th Cir. 1989) (per curiam). The most relevant criteria in determining whether an offense is petty is the severity of the maximum penalty allowed by law. *Baldwin v. New York*, 399 U.S. 66, 68, 90 S. Ct. 1886, 1888 (1970). An offense is presumed to be "petty" if the maximum term of imprisonment available is less than six months. *Blanton*, 489 U.S. at 542–43.

The district court did not err in affirming the magistrate judge's denial of Reaves's motion for jury trial. Because all three charges in Reaves's case carry a maximum penalty of not more than six months' imprisonment, they are presumptively petty offenses. While a defendant may rebut the presumption by showing that non-custodial penalties render his offense serious, thus entitling him

to a jury trial, *see Blanton*, 489 U.S. at 543, Reeves made no attempt to rebut the presumption in this case.

Moreover, we are bound to follow Supreme Court precedent, *See United States v. Greer*, 440 F.3d 1267, 1275–76 (11th Cir. 2006), and the Supreme Court made it clear in *Blanton* that there is no entitlement to a jury trial for a petty offense such as this one.  Accordingly, the district court did not err in affirming the magistrate judge's order denying Reeves's motion.  We therefore affirm Reeves's conviction.

**AFFIRMED.**