CITY OF LIMA, APPELLEE, *v.* RAMBO, APPELLANT.

(No. 1158—Decided October 5, 1960.)

*Mr. Lawrence S. Huffman*, city prosecutor, for appellee.
*Messrs. Durbin, Navarre, Rizor & DaPore*, for appellant.

GUERNSEY, J. Notwithstanding that counsel for defendant, appellant herein, have, in their brief, argued certain claims of prejudicial error, which arguments and claims we have con-

sidered and find without merit, this court, in its examination of the record, has observed a possible error neither specifically claimed nor argued by counsel for defendant, which in the interests of justice, and as permitted by statute, should be considered and decided.

The appeal herein is from a judgment of the Common Pleas Court of Allen County affirming a judgment of conviction and sentence of the Municipal Court of Lima, Ohio, wherein the defendant was fined the sum of $100 and sentenced to serve three days in the Allen County Jail. He had been charged on June 2 1958, under the provisions of a municipal ordinance, with operating a motor vehicle over a public street in the city of Lima while under the influence of intoxicating liquor. Although on July 25, 1958, he made, by his attorney, written demand for trial by jury, he was tried to the court without a jury on October 22, 1958. An examination of the entire record, including but not limited to the trial docket, original papers, journal entry of judgment and bill of exceptions, does not reveal that the defendant, in his own behalf or by his attorneys, ever executed a written waiver of trial by jury. However, it is noted on the file jacket in which the original papers were filed that on July 25, 1958, trial by jury was waived. It does not appear that the waiver thus referred to occurred before or after the written demand for jury trial filed on that date.

Imprisonment being a part of, and indeed a mandatory part of, the penalty for the offense of which the defendant was charged, he had a constitutional right to trial by jury. Dependent upon the statutes involved this right might be lost to a defendant in either of two ways, *i. e.*, (1) by failing to demand a trial by jury in the manner provided by law, or, (2) by waiving a trial by jury in the manner provided by law. See *Hoffman* v. *State*, 98 Ohio St., 137, at page 139.

In 1958 the only specific reference in the Municipal Court Act to the demand for or waiver of a trial by jury in the trial of a criminal charge was that contained in Section 1901.24, Revised Code, namely:

"Any cause in a Municipal Court, either civil or criminal, shall be tried to the court unless a jury trial is demanded in writing by a party entitled to the same. * * * In any criminal

case in which the accused is entitled to a jury trial, a demand for a jury trial must be made by the accused before the court shall proceed to inquire into the merits of the cause, otherwise a jury shall be deemed to be waived. * * *''

The defendant having pleaded not guilty, being entitled to a jury trial, and having made written demand therefor, the court could not proceed to inquire into the merits of the cause without a jury, unless after the written demand was timely made the defendant waived his right to be tried by jury in the manner provided by law.

The Municipal Court Act does not, in itself, contain any specific provision for the waiver of jury trial, once demand has been made, but at the time this cause arose and was tried it was provided by Section 1901.21, Revised Code:

''(A) In a criminal case or proceeding, the practice, procedure, and mode of bringing and conducting prosecutions for offenses, and the *power of the court in relation thereto*, are the same as those which are conferred upon police courts in municipal corporations. If no practice or procedure is provided for police courts, then the practice or procedure of mayors' courts shall apply. If no practice or procedure is provided for police courts or mayors' courts, then the practice or procedure of justice of the peace courts shall apply.'' (Emphasis added.)

See, also, *Carter-Jones Lumber Co.* v. *Eblen*, 167 Ohio St., 189, at page 206, with reference to the subsequent waiver of a demanded jury in civil actions in Municipal Courts.

An examination of the respective statutes pertaining to police courts generally and to mayors' courts reveals that the only practice or procedure prescribed therein in 1958 for waiving a jury was that prescribed by Section 1905.11, Revised Code, as follows:

''The mayor of a village has jurisdiction to hear and determine cases as provided in Sections 1905.09 and 1905.10 of the Revised Code, if before the commencement of the trial, a waiver in writing subscribed by the accused, is filed in the case.''

However, since that section pertained only to cases tried before village mayors and did not pertain to the practice and procedure in mayors' courts generally, we do not construe it as being the ''practice or procedure of mayors' courts'' referred

to in Section 1901.21, Revised Code. Considering next the "practice or procedure of justice of the peace courts," we find that the office of justice of the peace formerly established and existing under the provisions of Section 1907.01, Revised Code, was abolished by repeal of that section effective January 1, 1958, and as a consequence, such office not thereafter existing, no practice or procedure of justice of the peace courts thereafter existed.

We must conclude that, there being no practice or procedure for the waiver of jury trial incorporated by reference in the Municipal Court Act by virtue of the provisions of Section 1901.21, Revised Code, at the time the action herein arose and was tried, there did not exist at such time any such practice or procedure specially relating to Municipal Courts. We may, therefore, determine whether there was at that time any general statute prescribing such practice or procedure.

We find in this regard Section 2945.05, Revised Code, providing:

"In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: 'I ............, defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a judge of the court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury.'

"Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial."

The Municipal Courts being courts of record, that general statute as to the manner in which a jury might be waived was plainly applicable to them so long as not inconsistent with any of the special provisions of the Municipal Court Act. We can find no inconsistency, as applied to this action, simply because in 1958 there were no provisions of the Municipal Court Act

prescribing the manner in which a jury in a criminal case, in which the defendant has a constitutional right to trial by jury, could be waived once demanded. Moreover, it has been held that the provisions of Section 2945.05, Revised Code, are mandatory and that when a waiver of jury is required a trial court may not proceed to try the defendant without a jury until those provisions have been complied with. See *State* v. *Fife, Jr.,* 100 Ohio App., 550, and *Winters* v. *Alvis,* 106 Ohio App., 423.

It appearing of record that the defendant had pleaded not guilty and a jury trial had been demanded in the manner provided by Section 1901.24, Revised Code, in a case in which the defendant had a right to trial by jury, it must also appear of record that the defendant had waived such right in the manner provided by Section 2945.05, Revised Code, before the Municipal Court had jurisdiction to proceed to try the defendant without a jury.

There being nothing in the record before us to show that Section 2945.05, Revised Code, was complied with, we conclude that the trial of defendant without a jury constituted error prejudicial to the defendant and that the judgment of conviction and sentence of the Municipal Court and the judgment of the Common Pleas Court affirming the judgment of the Municipal Court must both be reversed and that this cause should be remanded to the Municipal Court for a new trial.

We note, parenthetically, that Section 1901.21, Revised Code (128 Ohio Laws, 823, 829), was amended, effective November 6, 1959, and that the phrase "practice or procedure of justice of the peace courts" hereinabove mentioned, was changed to read "practice or procedure of County Courts." We, of course, do not decide what effect this amendment would have on the practice or procedure of waiving a jury after the effective date.

*Judgment reversed.*

Younger, P. J., and Middleton, J., concur.