OPINIONS OF THE SUPREME COURT OF OHIO
The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio.  Attention:  Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE:  Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public.  The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. Jackson, Appellant, v. Dallman, Warden. Appellee.
[Cite as State ex rel. Jackson v. Dallman (1994),          Ohio St.3d          .]
Habeas corpus -- Release from person sought on claim of lack of
     jurisdiction of common pleas court to conduct bench trial
     -- Writ granted when trial court did not comply with R.C.
     2945.05.
     (No. 94-528 -- Submitted July 27, 1994 -- Decided
September 14, 1994.)
     Appeal from the Court of Appeals for Warren County, No. CA93-07-057.
     In March 1992, following a bench trial, the Cuyahoga County Court of Common Pleas found petitioner-appellant, Theodore R. Jackson, Jr., guilty of robbery and sentenced him to an indefinite term of eight-to-fifteen years with eight years of actual incarceration.  In July 1993, Jackson filed a petition for a writ of habeas corpus in the Court of Appeals for Warren County, naming William Dallman, Warden of the Lebanon Correctional Institution, as respondent.  Jackson claimed entitlement to release from prison, since the common pleas court lacked jurisdiction to conduct his bench trial, where Jackson had neither signed a waiver of his right to a jury trial nor was any written waiver filed in the case.
     Dallman filed a supplemental return, in which he contended that Jackson was not entitled to habeas corpus relief because, inter alia, Jackson did execute a written jury trial waiver in open court during his criminal case.  Included in the supplemental return was an affidavit of Cuyahoga County Assistant Prosecuting Attorney Brian R. McGraw, in which he stated that he was the trial attorney in Jackson's criminal case and that he witnessed Jackson sign and acknowledge a jury trial waiver form in open court on March 11, 1992.
     Attached to McGraw's affidavit were uncertified copies of a jury trial waiver form bearing Jackson's signature and one page of an uncertified transcript in which Jackson acknowledged having read the form and signed it,  The waiver form did not bear any file-stamp.  Jackson filed a reply to the supplemental

return, which included a docket sheet from his criminal trial. The docket sheet did not indicate that any jury trial waiver form had been filed.

On January 18, 1994, the court of appeals issued an opinion and judgment entry denying Jackson's petition for a writ of habeas corpus. The court of appeals determined that the common pleas court had complied with R.C. 2945.05 and that the affidavit and exhibits submitted by Dallman demonstrated that Jackson "in fact signed a written jury waiver."

The cause is now before this court upon an appeal as of right.

Theodore R. Jackson, Jr., pro se.

Per Curiam. Jackson essentially argues in his propositions of law that the court of appeals erred in denying him habeas corpus relief. The court of appeals determined that Jackson was not entitled to release from prison because:

"The evidence submitted to this court demonstrates petitioner in fact signed a written jury waiver. Although respondent has been unable to produce the actual written waiver petitioner signed, we are confident the trial court complied with R.C. 2945.05. ***"

R.C. 2945.05 provides:

"In all criminal cases pending in the courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. ***" (Emphasis added.)

Even in petty offense cases where a defendant properly demands a jury trial, "it must appear of record that such defendant waived this right in writing in the manner provided by R.C. 2945.05, in order for the trial court to have jurisdiction to try the defendant without a jury." State v. Tate (1979), 59 Ohio St.2d 50, 13 O.O.3d 36, 391 N.E.2d 738, syllabus. See, also, Lima v. Rambo (1960), 113 Ohio App. 158, 17 O.O.2d 133, 177 N.E.2d 554. The Criminal Rules and the Revised Code are satisfied by a written waiver, signed by the defendant, filed with the court, and made in open court, after arraignment and opportunity to consult with counsel. State v. Jells (1990), 53 Ohio St.3d 22, 26, 559 N.E.2d 464, 468. There must be strict compliance with R.C. 2945.05 for there to be a waiver of a right to a jury trial; where the record does not reflect strict compliance, the trial court is without jurisdiction to try the defendant without a jury. State v. Tate, supra. See, also, State v. Harris (1991), 73 Ohio App.3d 57, 596 N.E.2d 563; State v. Anderson (Jan. 27, 1992), Fayette App. No. CA91-02-003, unreported.

In the case sub judice, Jackson contends in part that the court of appeals erred in considering the ex parte affidavit of the prosecuting attorney and uncertified attachments to determine that Jackson signed a written jury trial waiver. Assuming, arguendo, that the affidavit and attachments were properly before the court of appeals, there was still no evidence that the written waiver form was ever filed and made a part of the record in Jackson's criminal case. Therefore, the

common pleas court did not comply with R.C. 2945.05, and it lacked jurisdiction to subsequently try and convict Jackson. State v. Tate, supra.

The writ of habeas corpus will lie in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty and there is no adequate legal remedy. State ex rel. Pirman v. Money (1994), 69 Ohio St.3d 591, 593, 635 N.E.2d 26, 29. By far the most common situation in which habeas corpus relief is available is when the sentencing court patently and unambiguously lacked jurisdiction. R.C. 2725.05. This is the situation here. The court of appeals erred in denying Jackson's petition for a writ of habeas corpus.

We note that our reversing the court of appeals, granting the writ and discharging Jackson from prison does not preclude the common pleas court from trying Jackson again on the robbery charge (with a jury, unless he waives it, and there is strict compliance with R.C. 2945.05).

Accordingly, the judgment of the court of appeals is reversed, and the writ of habeas corpus is granted.

Judgment reversed
and writ granted.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, F.E. Sweeney and Pfeifer, JJ., concur.

Resnick, J., dissents.