{¶ 29} For the reasons stated below, I respectfully dissent from the majority.
 {¶ 30} The majority is correct, appellant was entitled to the "opportunity" to consult with counsel before waiving his right to a jury trial. R.C. 2945.05; State v. Pless, 74 Ohio St.3d 333, 338,1996-Ohio-102, quoting State ex rel. Jackson v. Dallman, 70 Ohio St.3d 261,262, 1994-Ohio-235.
 {¶ 31} The record demonstrates that appellant had such an opportunity to consult with his court appointed advisory attorney. The trial court specifically stated at the February 12, 2002 pretrial that Attorney Consoldane "is still appointed by this Court to assist you * * * [but] [y]ou can't have him jump up in the middle [of trial] and start arguing on your behalf. * * * I'm going to ask him to respond to any legal questions in the meantime also."
 {¶ 32} In light of Attorney Consoldane's apparent availability as advisory counsel to appellant during the proceedings, this court need not assume or conclude that appellant did not have the opportunity to consult with counsel before he waived the right to a jury trial for the third time.
 {¶ 33} Therefore, I would affirm the decision of the Trumbull County Court of Common Pleas.