[Cite as *State v. Parks*, 2017-Ohio-4152.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2016CA00168 |
| NELSON SCOTT PARKS | : |  |
|  | : |  |
| Defendant-Appellee | : | OPINION |

CHARACTER OF PROCEEDING: Criminal appeal from the Canton Municipal Court, Case No. 2015CRB05075

JUDGMENT: Reversed and Remanded

DATE OF JUDGMENT ENTRY: June 5, 2017

APPEARANCES:

For Plaintiff-Appellee

TASHA FORCHIONE
Assistant Prosecutor
7th Floor-City Hall
Canton, OH 44701

For Defendant-Appellant

AARON KOVALCHIK
116 Cleveland Avenue N.W.
Suite 808
Canton, OH 44702

*Gwin, P.J.*

{¶1}   Appellant, Nelson Scott Parks ["Parks"] appeals his convictions and sentences after a bench trial in the Canton Municipal Court on one count of Criminal Trespass under R.C. 2911.21 and one count of Littering and Dumping under Canton Municipal Code 521.08.

*Facts and Procedural History*

{¶2}   Parks was charged with one count of Criminal Trespass under R.C. 2911.21 and one count of Littering and Dumping under Canton Municipal Code 521.08.  Parks through counsel filed a jury demand on November 10, 2015.  A court trial was conducted on August 18, 2016.  The following evidence was adduced during the trial.

{¶3}   On October 28, 2015, Officer Steven Shackle of the Canton Police Department made contact with Parks at a wooded tree line area of 25th Street west of Market Avenue in Canton, Ohio.  Shackle was responding to a call concerning a male who was yelling at children.  Officer Shackle observed an area of trash bags in the area that Parks referred to as his home.  Officer Shackle instructed Parks to leave the area. Officer Shackle testified the source of the call concerning Parks was from the property manager of the Market Ridge Apartments and that the property manager did not want Parks at the Market Ridge Apartments.  Officer Shackle testified that he made contact with Parks north of the property where the Market Ridge Apartments are located.

{¶4}   Officer Nick Casto of the Canton Police Department testified that he made contact with Parks in the trees behind the Market Ridge Apartments on October 30, 2015. Officer Casto observed trash bags and garbage at the location.  However, Officer Casto could not testify as to whether Parks was on the property where the Market Ridge

Apartments were located or if Parks was on the property that makes up part of the Canton City Parks.

{¶5} Parks testified that he was an archaeologist who lived wherever he was conducting archeological activities. Parks testified that he was never on the property of the Market Ridge Apartments and that he was on the property of Weis Park. Parks further stated that he did not intend to leave garbage in the wooded area where the police officers made contact with him.

{¶6} The trial court found Parks guilty of Criminal Trespass under R.C. 2911.21 and Littering and Dumping under Canton Municipal Code 521.08.

*Assignments of Error*

{¶7} "I. THE TRIAL COURT ERRED WHEN IT CONDUCTED A COURT TRIAL WITHOUT A VALID JURY TRIAL WAIVER.

{¶8} "II. APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

{¶9} "III. APPELLANT'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

I.

{¶10} In the instant case, Parks was charged with the petty offenses of Criminal Trespass under R.C. 2911.21 and Littering and Dumping under Canton Municipal Code 521.08. Parks through counsel filed a jury demand on November 10, 2015. The record does not reflect that Parks made a waiver of his demand for a jury trial that was in writing, signed by the defendant, and filed as a part of the record after his jury demand of November 10, 2015. Additionally, the record is void of some evidence in the record that

Parks while in the courtroom and in the presence of counsel acknowledged the jury waiver to the trial court.

{¶11}  The Supreme Court of Ohio has held, "[e]ven in petty offense cases where a defendant properly demands a jury trial, it must appear of record that such defendant waived this right in writing in the manner provided by R.C. 2945.05, in order for the trial court to have jurisdiction to try the defendant without a jury.'" *State ex rel. Jackson v. Dallman,* 70 Ohio St.3d 261, 262, 1994-Ohio-235, 638 N.E.2d 563 (1994*) citing State v. Tate,* 59 Ohio St.2d 50, 13 0.0.3d 36, 391 N.E.2d 738 (1979), syllabus.

{¶12}  The state agrees that in the case at bar, a signed jury waiver is not present in the record, nor did Parks waive his right to a jury trial in open court as required by R.C. 2945.05.

{¶13}  The Ohio Supreme Court and this Court have previously held that the proper remedy when a jury waiver is invalid is to remand the case to the trial court for a new trial.  *State v. Pless*, 74 Ohio St.3d 333, 1996–Ohio–102, 658 N.E.2d 766; *State v. White*, 5th Dist. Muskingum No. CT2013–0039, 2013–Ohio–5858.

{¶14}  Parks' first assignment of error is sustained.

II & III.

{¶15}  Based upon our decision in Assignment of Error I, which necessitates a new trial, we find these assignments of error are moot.  *State v. White*, 5th Dist. Muskingum No. CT2013–0039, 2013–Ohio–5858; *State v. George*, 5th Dist. Licking No. 2010CA00001, 2010–Ohio–3375.

{¶16} Accordingly, appellant's first assignment of error is sustained and the second and third assignments of error are moot.

{¶17} The judgment of the Canton Municipal Court, Stark County, Ohio is reversed and the case is remanded to that court for a new trial.

By Gwin, P.J.,

Hoffman, J., and

Wise, John, J., concur