[Cite as *State v. Scoles*, 2018-Ohio-1149.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 17-CA-49 |
| STEVEN SCOLES | : |  |
|  | : |  |
| Defendant-Appellant | : | <u>OPINION</u> |


CHARACTER OF PROCEEDING:      Criminal appeal from the Licking County Municipal Court, Case No. 16-CRB-919


JUDGMENT:      Reversed and Remanded


DATE OF JUDGMENT ENTRY:      March 26, 2018


APPEARANCES:


For Plaintiff-Appellee

DOUGLAS E. SASSEN
44 West Main Street, 4th Fl
Newark, OH 43055

For Defendant-Appellant

TODD BARSTOW
538 South Yearling Road, Ste. 202
Columbus, OH 43213

*Gwin, P.J.*

{¶1}    Appellant Steven Scoles ["Scoles"] appeals his conviction for one count of domestic violence in the Licking County Municipal Court.

*Facts and Procedural History*

{¶2}    On May 10, 2016, a Complaint was filed charging Scoles with one count of Domestic Violence, a misdemeanor of the first degree.

{¶3}    On June 16, 2016, Scoles requested and was granted a court appointed attorney to represent him.  Scoles filed a written demand for a jury trial on June 17, 2016. A jury trial was scheduled for August 4, 2016. By Judgment Entry filed August 3, 2016, the trial court continued the jury trial so that Scoles could apply for the Licking County Municipal Court's Pre-trial Diversion program.

{¶4}    On August 25, 2016, Scoles withdrew his previously entered plea and applied for the prosecutor's diversion program.  By Judgment Entry filed August 29, 2016, the trial court granted a continuance of Scoles' arraignment so Scoles could apply for the diversion program.   The entry ordered Scoles to appear for arraignment October 25, 2016, "unless notified by the Court's Probation Department that the Defendant has been accepted into the Diversion Program."

{¶5}    By Judgment Entry filed October 13, 2016, Scoles was accepted into the Licking County Municipal Court's Pre-trial Diversion program.  This judgment entry stated the matter was before the trial court on Scoles' application for diversion.  The entry does not state that a hearing was held in open court. Neither Scoles nor his attorney's signatures appear on the entry.  No hearing date or transcript from October 13, 2016 has been located in the record.

{¶6} On March 14, 2017, the Licking County Municipal Court Probation Department filed a "Memorandum Termination of Diversion" with the trial court, alleging that Scoles violated the terms and conditions of the Diversion program. By Judgment Entry filed the same day, Scoles' case was returned to the active docket and Scoles was ordered to appear for arraignment on March 29, 2017.

{¶7} Scoles' appointed counsel withdrew on March 16, 2017, and new counsel was appointed by the trial court on March 22, 2017. Scoles' new trial counsel filed a request for discovery, request for bill of particulars, and request for evidence in chief, a request for notice of intent by the state to use evidence, and a written demand for a jury trial on March 24, 2017.

{¶8} On March 29, 2017, a Judgment Entry was filed noting that Scoles failed to appear for arraignment. On March 31, 2017, the state filed a response to Scoles' discovery request.

{¶9} On April 25, 2017, Scoles appeared for arraignment and entered a plea of not guilty. By "Court Order" dated May 8, 2017, Scoles' case was scheduled for a jury trial on May 18, 2017. By Judgment Entry filed May 23, 2017, the Court on its own motion continued Scoles' jury trial to June 8, 2017 because Scoles had reasserted his right to a jury trial. The trial court set a pretrial conference to consider if Scoles' entry into the Diversion Program constituted a guilty plea and waiver of a jury trial. On June 8, 2017, the trial court held a hearing and overruled Scoles' request for a jury trial. The Court ruled that pursuant to the Diversion Agreement executed by Scoles, the trial court was to determine the guilt of innocence of Scoles if he were terminated from the program. At the conclusion of the hearing, which included a recitation of the facts by the prosecutor and a

review of the file by the court, a guilty verdict was entered and the court proceeded with sentencing.

{¶10} By Judgment Entry filed June 17, 2017, the trial court concluded that by entering the Diversion Program, Scoles had entered a plea of guilty and had waived his right to a jury trial. The trial court found that Scoles "knowingly, intentionally and voluntarily bargained away his right to a contested hearing or trial in the case at bar."

*Assignments of Error*

{¶11} "I. THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION BY FAILING TO ENGAGE IN A PROVIDENT AND CONSTITUTIONAL PLEA COLLOQUY PURSUANT TO OHIO RULE OF CRIMINAL PROCEDURE 11.

{¶12} "II. THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION BY OVERRULING HIS MOTION TO WITHDRAW HIS PLEA."

*Law and Analysis.*

{¶13} In his two assignments of error, Scoles contends that the trial did not obtain a proper waiver of his Constitutional rights, including his right to a jury trial. *See*, *Change of Plea T.* June 8, 2017 at 3.

STANDARD OF APPELLATE REVIEW.

**{¶14}** "When a court's judgment is based on an erroneous interpretation of the law, an abuse-of-discretion standard is not appropriate. *See Swartzentruber v. Orrville Grace Brethren Church,* 163 Ohio App.3d 96, 2005-Ohio-4264, 836 N.E.2d 619, ¶ 6; *Huntsman v. Aultman Hosp.*, 5th Dist. No. 2006 CA 00331, 2008-Ohio-2554, 2008 WL 2572598, ¶ 50.' *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13." *State v. Fugate,* 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶6. Because the assignments of error involve the interpretation of statutes and the Ohio Constitution, which is a question of law, we review the trial court's decision de novo. *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13; *Accord, State v. Pariag,* 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 9; *Hurt v. Liberty Township, Delaware County, OH,* 5th Dist. Delaware No. 17 CAI 05 0031, 2017-Ohio-7820, ¶ 31. However, insofar as factual issues must be determined by the trial court as a predicate to resolving the legal questions, such factual determinations should be accorded deference. *MA Equip. Leasing I, LLC v. Tilton*, 10th Dist., 2012-Ohio-4668, 980 N.E.2d 1072, ¶ 18; *Block Communications, Inc. v. Pounds*, 6th Dist. Lucas No. L-13-1224, 2015-Ohio-2679, 34 N.E.3d 984, ¶ 44

**{¶15}** RC 2935.36 provides for the establishment of pretrial diversion programs. The prosecuting attorney is authorized to establish these programs, and they operate pursuant to written standards that have been approved by the court. The statute provides for the waiver of a limited number of the accused's rights,

> (B) An accused who enters a diversion program shall do all of the
> following:

(1) Waive, in writing and contingent upon the accused's successful completion of the program, the accused's right to a speedy trial, the preliminary hearing, the time period within which the grand jury may consider an indictment against the accused, and arraignment, unless the hearing, indictment, or arraignment has already occurred;

(2) Agree, in writing, to the tolling while in the program of all periods of limitation established by statutes or rules of court, that are applicable to the offense with which the accused is charged and to the conditions of the diversion program established by the prosecuting attorney;

(3) Agree, in writing, to pay any reasonable fee for supervision services established by the prosecuting attorney.

{¶16} If the accused satisfactorily completes the diversion program, the prosecutor must recommend to the trial court that the charges be dismissed, and the court, upon such recommendation, is required to dismiss the charges. R.C. 2935.36(D). In the event the accused does not participate or does not successfully complete the diversion program, R.C. 2935.36(D) provides,

If the accused chooses not to enter the prosecuting attorney's diversion program, or if the accused violates the conditions of the agreement pursuant to which the accused has been released, the accused may be brought to trial upon the charges in the manner provided by law, and the waiver executed pursuant to division (B)(1) of this section shall be void on the date the accused is removed from the program for the violation.

{¶17} The diversion agreement in the case at bar provided, in relevant part,

I wish to enter into a Diversion Agreement and submit my case on the record. I understand that by doing so, I am stipulating (agreeing) to the admissibility of the evidence contained in the reports and materials, which have been reviewed with me, and further stipulate that there is sufficient evidence contained in said reports to support a finding of guilt. I understand that if I meet all terms of this agreement, then the case against me will be dismissed with without [sic.] prejudice (meaning the Judgment will not be brought up again). I understand that if I violate any of the terms of this agreement, a trial/hearing can be held in which the Judge reads the investigative reports and materials relating to the above enumerated case and can decide, on that evidence alone, if I am guilty of the crime(s) of Domestic violence as originally filed by the Newark Police Department.

By entering into the Diversion Program Agreement, I hereby knowing and voluntarily waive my rights to a speedy trial under R.C. 2945.71 et. Seq, [sic.] the United States Constitution and the constitution of the State of Ohio.

{¶18} In the case at bar, this agreement was executed without counsel on Scoles' behalf. The agreement was not executed in open court and the only person present was a probation officer. The trial court did not conduct a Crim.R. 11 colloquy, nor did the court review the agreement with Scoles in open court. The trial court did not obtain a written waiver of Scoles previously filed demand for a jury trial.

{¶19} Subsequent to being removed from the Diversion Program, Scoles re-asserted in writing his demand for a jury trial.

2). Right to a jury trial for petty offenses.

{¶20} Crim.R. 2 defines a "petty offense" as "a misdemeanor other than a serious offense." See Crim.R. 2(D). A "serious offense" is "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Thus, a petty offense is one for which a defendant is at risk of six months incarceration or less. Scoles was charged with domestic violence a first-degree misdemeanor, a petty offense.

{¶21} R.C. 2945.17 provides,

(A) *At any trial, in any court,* for the violation of any statute of this state, or of any ordinance of any municipal corporation, except as provided in divisions (B) and (C) of this section, the accused has the right to be tried by a jury.

(B) The right to be tried by a jury that is granted under division (A) of this section does not apply to a violation of a statute or ordinance that is any of the following:

(1) A violation that is a minor misdemeanor;

(2) A violation for which the potential penalty does not include the possibility of a prison term or jail term and for which the possible fine does not exceed one thousand dollars.

(C) Division (A) of this section does not apply to, and there is no right to a jury trial for, a person who is the subject of a complaint filed under section 2151.27 of the Revised Code against both a child and the parent, guardian, or other person having care of the child. (Emphasis added).

{¶22} Article I, Section 5 of the Ohio Constitution generally provides, "The right of trial by jury shall be inviolate * * *." Furthermore, Article I, Section 10 of Ohio's Constitution, entitled "Rights of Criminal Defendants," states in part: "In any trial, in any court, the party accused shall be allowed * * * to have * * * a speedy public trial by an impartial jury * * *." However, "(t)he guarantee of a jury trial in criminal cases contained in the state and federal Constitutions is not an absolute and unrestricted right in Ohio with respect to misdemeanors, and a statute, ordinance or authorized rule of court may validly condition the right to a jury trial in such a case on a written demand therefor * * *." *Mentor v. Giordano*, 9 Ohio St.2d 140, 224, 224 N.E.2d 343, N.E.2d 343(1967), paragraph one of the syllabus. In *State v. Tate*, the petty offender demanded a jury trial but never received one. The state argued that he implicitly waived his right by standing silent during the bench trial. But, the Supreme Court disagreed. The Court explained that every reasonable presumption should be made against the waiver "especially when it relates to a right or privilege deemed so valuable as to be secured by the Constitution." *State v. Tate,* 59 Ohio St.2d 50, 53, 391 N.E.2d 738(1979). The Court then concluded that since the written waiver statute was not complied with, the misdemeanor defendant "*was denied his constitutional right to trial by jury.*" Id. at 54, 391 N.E.2d 738 (emphasis added).

{¶23} Scoles first filed a written demand for a jury trial on June 17, 2016. Scoles filed a second demand for a jury trial after he was discharge from the diversion program. This demand was filed March 24, 2017. By "Court Order" dated May 8, 2017, Scoles' case was scheduled for a jury trial on May 18, 2017. Scoles objected on the record to the trial court's refusal to honor his demand for a jury trial.

3). Waiver of the right to a jury trial after a written demand has been filed.

**{¶24}** R.C. 2945.05 governs jury waivers:

*In all criminal cases* pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof.  It shall be entitled in the court and cause, and in substance as follows: "I _____, defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending.  I fully understand that under the laws of this state, I have a constitutional right to a trial by jury."

*Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel.  Such waiver may be withdrawn by the defendant at any time before the commencement of the trial.*  (Emphasis added).

**{¶25}** A waiver of the right to a trial by jury must be made in writing, signed by the defendant, and filed as a part of the record, and must also be made in open court.  *State v. Lomax*, 114 Ohio St.3d 350, 2007–Ohio–4277, 872 N.E.2d 279, paragraph one of the syllabus (2007).  To satisfy the "in open court" requirement set forth in R.C. 2945.05, there must be some evidence in the record that the defendant, while in the courtroom and in the presence of counsel, acknowledged the jury waiver to the trial court.  Id. at paragraph two of the syllabus.  In finding the colloquy inadequate to waive a jury trial, the Ohio Supreme Court in *Lomax* noted, "We do not mandate magic words, or a prolonged colloquy, but simply what Ohio law intends—that a defendant while in the courtroom and

in the presence of counsel, if any, acknowledge to the trial court that the defendant wishes to waive the right to a jury trial." Id. at ¶48.

**{¶26}** The law is clear that, absent strict compliance with R.C. 2945.05, a waiver of a jury demand is not effective. *State v. Pless*, 74 Ohio St.3d 333, 658 N.E.2d 766 (1996), paragraph one of the syllabus. As the Ohio Supreme Court has stated,

> Even in petty offense cases where a defendant properly demands a jury trial, "it must appear of record that such defendant waived this right in writing in the manner provided by R.C. 2945.05, in order for the trial court to have jurisdiction to try the defendant without a jury." *State v. Tate* (1979), 59 Ohio St.2d 50, 13 O.O.3d 36, 391 N.E.2d 738, syllabus. *See, also, Lima v. Rambo* (1960), 113 Ohio App. 158, 17 O.O.2d 133, 177 N.E.2d 554. The Criminal Rules and the Revised Code are satisfied by a written waiver, signed by the defendant, filed with the court, and made in open court, after arraignment and opportunity to consult with counsel. *State v. Jells* (1990), 53 Ohio St.3d 22, 26, 559 N.E.2d 464, 468. *There must be strict compliance with R.C. 2945.05 for there to be a waiver of a right to a jury trial; where the record does not reflect strict compliance, the trial court is without jurisdiction to try the defendant without a jury. State v. Tate, supra. See, also, State v. Harris* (1991), 73 Ohio App.3d 57, 596 N.E.2d 563; *State v. Anderson* (Jan. 27, 1992), Fayette App. No. CA91-02-003, unreported, 1992 WL 12614.

*State ex rel. Jackson v. Dallman,* 70 Ohio St.3d 261, 262, 1994-Ohio-235, 638 N.E.2d 563 (emphasis added). The "waiver must clearly and affirmatively appear

upon the record, and it cannot be assumed or implied by a reviewing court from the silence of the accused * * *." Furthermore, (e) very reasonable presumption should be made against the waiver, especially when it relates to a right or privilege deemed so valuable as to be secured by the Constitution." *Simmons v. State*, 75 Ohio St. 346,352, 79 N.E. 555(1906).

**{¶27}** In the case at bar, the record reflects that there was no written waiver reviewed and signed by Scoles pertaining to either of his written jury demands. Further, the record does not reflect that Scoles was addressed personally by the trial court to ascertain whether it was his intention to waive his right to a jury trial on the domestic violence charge, either prior to entering the diversion program, or after Scoles was discharge from the program. *See, State v. Johnson*, 5th Dist. Stark No. 2016CA00119, 2017-Ohio-1251; *State v. Howell,* 1st Dist. Hamilton Nos. C-160679, C-160680, 2017-Ohio-7182 (holding application of the invited-error doctrine would circumvent R.C. 2945.05, and declining to apply the doctrine in this situation). Scoles objected on the record and renewed his demand for a jury trial in open court at the hearing held June 8, 2017. Scoles did not enter a guilty or no contest plea in open court at any time.

**{¶28}** In the case at bar, the trial court failed to comply with R.C. 2945.05. Because there was no written waiver of Scoles' jury demand made in open court and filed with the trial court, Scoles was denied his constitutional right to trial by jury. This prejudicial error requires us to reverse the conviction of the trial court.

CONCLUSION

{¶29} Scoles' assignments of error are sustained. The judgment of the Licking County Municipal Court is reversed and this case is remanded to that court for proceedings consistent with this Opinion.


By Gwin, P.J.,

Hoffman, J., and

Delaney, J., concur