[Cite as *State v. Schneider*, 2020-Ohio-343.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 19-COA-027 |
| BOB SCHNEIDER | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:     Criminal appeal from the Ashland Municipal
Court, Case No. 19-CRB-00699

JUDGMENT:     Reversed and Remanded

DATE OF JUDGMENT ENTRY:     January 31, 2020

APPEARANCES:

For Plaintiff-Appellee

THOMAS GILMAN
133 South Market Street
Loudonville, OH 44842

For Defendant-Appellant

JOSEPH KEARNS, JR.
P.O. Box 345
153 West Main Street
Ashland, OH 44805

*Gwin, P.J.*

{¶1}    Appellant Bob Schneider appeals his conviction for one count of domestic violence in the Ashland Municipal Court.  Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2}    On May 8, 2019, appellee filed a complaint charging appellant with a violation of R.C. 2919.25(A), domestic violence, a misdemeanor of the first degree, for knowingly causing or attempting to cause physical harm to his wife.  On May 10, 2019, appellant was appointed counsel to represent him.  Appellant filed a written demand for a jury trial on May 13, 2019.  The matter proceeded to a trial by the court on May 29, 2019.

{¶3}    After brief introductory remarks by each party, appellee called Officer Adam Harper ("Harper") as a witness.  Harper testified that he was dispatched to appellant's house on May 8, 2019 and when he arrived on the scene, appellant's wife was sitting on the front porch crying and visibly upset.  She explained to Harper that appellant struck her in the side of the head, grabbed her arms, threw her on the couch, punched her in the arm, and bit her finger.  Harper observed she had swelling and bruising on her face and bite marks on her finger.  Harper took photographs of her injuries.  Appellant advised Harper that appellant's wife had thrown a plate at appellant and scratched his eye.  Appellant referred Harper to Facebook posts and Harper believed appellant was eluding his questions.

{¶4}    A.S., appellant's wife, testified that appellant punched her in the arms, ribs, and back of the head, and also bit her finger.  A.S. threw a plate at appellant to attempt

to get him off of her. A.S. stated they were in a verbal fight, but appellant physically struck her first. A.S. confirmed she has several drug-related convictions.

{¶5} Appellant testified A.S. threw a plate at him and clawed at his face and eyes and he bit her finger to stop her. Appellant called the police to report A.S. hitting him.

{¶6} At the conclusion of the bench trial, the trial court found appellant guilty. Via a judgment entry on May 29, 2019, the trial court sentenced appellant to a term of 180 days in jail, with 150 days suspended, and also placed appellant on probation for three years. This Court granted appellant leave to file a delayed appeal.

{¶7} Appellant appeals the May 29, 2019 judgment entry of the Ashland Municipal Court and assigns the following as error:

{¶8} "I. APPELLANT WAS DENIED HIS RIGHT TO A TRIAL BY JURY.

{¶9} "II. THE CONVICTION OF THE DEFENDANT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I.

{¶10} In his first assignment of error, appellant argues his conviction must be reversed because the trial court violated his right to a jury trial. We agree.

{¶11} In this case, appellant was charged with one count domestic violence, a first-degree misdemeanor, which is a petty offense. The Supreme Court of Ohio has held, "[e]ven in petty offense cases where a defendant properly demands a jury trial, it must appear of record that such defendant waived his right in writing in the manner provided by R.C. 2945.05, in order for the trial court to have jurisdiction to try the defendant without a jury." *State ex rel. Jackson v. Dallman*, 70 Ohio St.3d 261, 638 N.E.2d 563 (1994); see also R.C. 2945.17. Article I, Section 5 of the Ohio Constitution generally provides, "The

right of trial by jury shall be inviolate * * *."  Furthermore, Article I, Section 10 of Ohio's Constitution states, in part, "In any trial, in any court, the party accused shall be allowed * * * to have * * * a speedy public trial by an impartial jury * * *."

{¶12}  R.C. 2945.05 governs jury waivers and provides as follows:

In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such a waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof.  It shall be entitled in the court and cause, and in substance as follows:  "I _____, defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried a Judge of the Court in which the said cause may be pending.  I fully understand that under the laws of this state, I have a constitutional right to a trial by jury."

Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel.  Such waiver may be withdrawn by the defendant at any time before the commencement of the trial.

{¶13}  The Ohio Supreme Court has held that a waiver of the right to a trial by jury must be made in writing, signed by the defendant, and filed as a part of the record, and must also be made in open court.  *State v. Lomax*, 114 Ohio St.3d 500, 2007-Ohio-4277, 872 N.E.2d 279.

{¶14}  Appellant filed a written jury demand on May 13, 2019.  The record reflects that there was no written waiver reviewed and signed by appellant.  Further, the record

does not reflect that appellant was addressed personally by the trial court to ascertain whether it was his intention to waive his right to a jury trial on the domestic violence charge. Appellee does not dispute that in the case at bar, a signed jury waiver is not present in the record and appellee also does not dispute that appellant did not waive his right to a jury trial in open court as required by R.C. 2945.05.

{¶15} The Ohio Supreme Court and this Court have previously held that the proper remedy when a jury waiver is invalid is to remand the case to the trial court for a new trial. *State v. Pless*, 74 Ohio St.3d 333, 658 N.E.2d 766; *State v. Parks*, 5th Dist. Stark No. 2016CA00168, 2017-Ohio-4152; *State v. Scoles*, 5th Dist. Licking No. 17-CA-49, 2018-Ohio-1149.

{¶16} Appellant's first assignment of error is sustained.

II.

{¶17} Based upon our decision in appellant's first assignment of error, which necessitates a new trial, we find this assignment of error moot. *State v. Parks*, 5th Dist. Stark No. 2016CA00168, 2017-Ohio-4152.

{¶18} Accordingly, appellant's first assignment of error is sustained. Appellant's second assignment of error is moot.

{¶19}  The judgment of the Ashland Municipal Court is reversed and the case is remanded to that court for a new trial.


By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur