[Cite as *State v. Rogers*, 2023-Ohio-1329.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                      CASE NO. 9-22-39

     v.

MARTRICE R. ROGERS,                       O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Marion Municipal Court
Trial Court No. CRB 2102133

Judgment Reversed and Cause Remanded

Date of Decision: April 24, 2023

APPEARANCES:

    *James W. Fruth* for Appellant

    *Caleb Carson, III* for Appellee

**MILLER, P.J.**

{¶1} Defendant-appellant, Martrice R. Rogers, appeals the June 29, 2022 judgment of sentence of the Marion Municipal Court. For the reasons that follow, we reverse.

{¶2} This case arises from an October 14, 2021 incident in which Rogers allegedly hit J.P. at a Family Dollar in Marion, Ohio. On October 18, 2021, a complaint was filed charging Rogers with a single count of assault in violation of R.C. 2903.13, a first-degree misdemeanor. The following day, Rogers appeared for arraignment and entered a not guilty plea. On December 6, 2021, Rogers filed a written demand for a jury trial. On March 22, 2022, Rogers's newly-appointed trial counsel reaffirmed the demand for a jury trial.

{¶3} On May 26, 2022, Rogers's trial counsel filed a document titled "Withdrawal of Demand for Jury Trial and Request for Bench Trial." The document, which was only signed by Rogers's trial counsel, purported to withdraw Roger's demand for a jury trial and request that the matter be scheduled for a bench trial.

{¶4} At the conclusion of the bench trial held on June 29, 2022, the trial court found Rogers guilty as charged in the complaint. The trial court proceeded immediately to sentencing, and Rogers was sentenced to 180 days in jail with 180

days suspended, two years on community control with the condition that Rogers complete an anger management course, pay a $200 fine, and assessed court costs.

{¶5} Rogers filed her notice of appeal on July 8, 2022. She raises two assignments of error for our review.

## Assignment of Error No. I

**The trial court committed reversible error because Appellant's right to a jury trial, guaranteed under R.C. 2945.05 and Crim.R. 23(C), [was] violated when the trial court proceeded to a bench trial after failing to address Appellant personally in open court about waiver of a jury trial and in the presence of counsel, failed to confirm that the waiver was knowingly, voluntarily, and intelligently made, and because Appellant did not sign the purported "waiver of jury trial."**

## Assignment of Error No. II

**There was insufficient evidence to support the verdict that Appellant committed assault, a first-degree misdemeanor, in violation of R.C. 2903.13**.

{¶6} In her first assignment of error, Rogers argues that she was denied her right to a jury trial because the trial court conducted a bench trial without first confirming that her waiver of a jury trial was knowingly, voluntarily, and intelligently made. Specifically, Rogers argues that the trial court proceeded to a bench trial without ensuring that she first sign a written waiver of her right to a jury trial and without addressing her on the record to confirm that the waiver of jury trial

was voluntarily, knowingly, and intelligently made. For the reasons that follow, we agree.

{¶7} "The Sixth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, guarantees an accused the right to trial by jury." *State v. Lomax*, 114 Ohio St.3d 350, 2007-Ohio-4277, ¶ 6. Additionally, Section 5, Article I of the Ohio Constitution states that the "right of trial by jury shall be inviolate." However, "'[t]he guarantee of a jury trial in criminal cases contained in the state and federal Constitutions is not an absolute and unrestricted right in Ohio with respect to misdemeanors, and a statute, ordinance or authorized rule of court may validly condition the right to a jury trial in such a case on a written demand therefor * * *.'" *State v. Tate*, 59 Ohio St.2d 50, 52 (1979), quoting *Mentor v. Giordano*, 9 Ohio St.2d 140 (1967), paragraph one of the syllabus.

{¶8} Pursuant to Crim.R. 23(A), "[i]n petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial * * *. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto." Crim.R. 2(D) defines "petty offense" as an offense in which the penalty is six months or less. *See* Crim.R. 2(C) and (D). Here, Rogers was charged with one first-degree misdemeanor assault

charge that subjected her to a maximum sentence of six months' incarceration. Accordingly, her offense was a petty offense for the purposes of Crim.R. 23(A), and she was required to file a written jury demand to preserve her right to a trial by jury. Indeed, Rogers filed a written demand for a jury trial on December 6, 2021, and her newly-appointed trial counsel reaffirmed the demand for a jury trial on March 22, 2022.

{¶9} "The Supreme Court of Ohio has held, '[e]ven in petty offense cases where a defendant properly demands a jury trial, it must appear of record that such defendant waived his right in writing in the manner provided by R.C. 2945.05, in order for the trial court to have jurisdiction to try the defendant without a jury.'" *State v. Schneider*, 5th Dist. Ashland No. 19-COA-027, 2020-Ohio-343, ¶ 11, quoting *State ex rel. Jackson v. Dallman*, 70 Ohio St.3d 261 (1994) and citing R.C. 2945.17. "Once a defendant in a petty offense case requests a jury trial, the trial court may not conduct a bench trial 'unless the defendant makes a knowing, voluntary, and intelligent waiver of his right to a jury trial, and that waiver is made part of the record pursuant to R.C. 2945.05.'" *Columbus v. Davis*, 10th Dist. Franklin Nos. 19AP-715, 19AP-716, 19AP-717, 19AP-718 and 19AP-719, 2021-Ohio-2114, ¶ 47, quoting *State v. Pflanz*, 135 Ohio App.3d 338, 339 (1st Dist.1999).

{¶10} R.C. 2945.05, which governs the manner in which a defendant may waive the right to a jury trial provides:

> In all criminal cases pending in court of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: "I _____, defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury."
>
> Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial.

R.C. 2945.05. "Therefore, to be valid, a waiver must meet five conditions. It must be (1) in writing, (2) signed by the defendant, (3) filed, (4) made part of the record, and (5) made in open court." *Lomax*, 114 Ohio St.3d, at ¶ 9. "Absent strict compliance with the requirements of R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury." *State v. Pless*, 74 Ohio St.3d 333 (1996), paragraph one of the syllabus. *See State v. Sweeting*, 1st Dist. Hamilton No. C-180161, 2019-Ohio-2360, ¶ 12 ("The Ohio Supreme Court has repeatedly held that strict compliance with R.C. 2945.05 is necessary for a valid jury waiver.").

{¶11} Although the record indicates that Rogers's trial counsel filed a document styled "Withdrawal of Demand for Jury Trial and Request for Bench Trial," this purported waiver fails to comply with R.C. 2945.05 in several respects.

First, the document was signed not by Rogers, but by her trial counsel. (Doc. No. 46). Moreover, there is no indication in the record that the waiver was made in open court. *See State v. Reynolds*, 12th Dist. Warren No. CA2019-08-077, 2020-Ohio-4354, ¶ 14-15 (reversing a conviction for lack of a valid jury waiver where the defendant-appellant did not acknowledge her written jury waiver in open court). "To satisfy the 'in open court' requirement in R.C. 2945.05, there must be some evidence in the record that the defendant while in the courtroom and in the presence of counsel, if any, acknowledged the jury waiver to the trial court." *Lomax* at ¶ 49.

{¶12} We find the trial court failed to strictly comply with R.C. 2945.05 before accepting Rogers's jury waiver. Accordingly, we sustain Rogers's first assignment of error, reverse her conviction for assault, and remand the case for further proceedings. Thus, Rogers's second assignment of error is rendered moot.

{¶13} Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the Marion Municipal Court and remand the case for further proceedings.

*Judgment Reversed and*
*Cause Remanded*

**WILLAMOWSKI and ZIMMERMAN, J.J., concur.**

**/jlr**